NO. 07-99-0323-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2001

_____

ROBERT MILLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 98-2406; HONORABLE GEORGE H. HANSARD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant, Robert Miller, appeals from his conviction for unlawful possession of a firearm by a felon. He challenges the State's proof of proper venue in Lynn County, Texas, and the propriety of the court's charge to the jury. We affirm.

I. BACKGROUND

The home of John Saleh in O'Donnell, Lynn County, Texas, was burglarized on March 13, 1998. Saleh testified that numerous items, including a gold Rolex watch and three revolver pistols were stolen. Bobby Pesina (Bobby) and appellant were charged with the burglary. Appellant was also indicted for being a felon in possession of a firearm on the day after the burglary. The possession charge arose out of the burglary and a trip to Lubbock. Following the burglary, appellant and several others, including Bobby, drove to Lubbock where appellant sold one of the stolen pistols to a former employer.

Appellant pled not guilty to both the burglary charge and the felon-in-possession charge. The cases were tried together. Appellant was found guilty of both crimes. The jury assessed punishment for each crime at incarceration in the Texas Department of Justice, Institutional Division, for life.

By two issues appellant challenges the sufficiency of the State's evidence that he possessed a firearm in Lynn County, and urges error in the jury charge as to instructions on venue for the possession charge. He does not challenge his conviction for burglary. We will address the issues in the order appellant presents them.

## II. ISSUE 1: PROOF OF VENUE

By his first issue, appellant contends that the evidence was factually insufficient to prove that he possessed a firearm in Lynn County as alleged in the indictment. The State responds that venue is presumed to have been proven at trial, unless the record shows otherwise. The State argues that appellant did not overcome this presumption because

2

the issue of venue was not sufficiently raised at trial. The State further contends that even if venue was raised as an issue, the jury could have reasonably inferred from the evidence that appellant possessed a firearm in Lynn County, and that the evidence as to venue was sufficient.

## A. Standard of Review

In reviewing a factual insufficiency claim, all the evidence on both sides is reviewed, not in the light most favorable to the verdict, but in a neutral manner favoring neither side. See Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000) (en banc); Kutzner v. State, 994 S.W.2d 180, 184 (Tex.Crim.App. 1999). In a case such as the matter before us where the verdict is in favor of the party with the burden of proof, the verdict may only be set aside for factual insufficiency if the entire record shows that evidence supporting the jury's finding is so weak as to be clearly wrong and manifestly unjust. See Johnson, 23 S.W.3d at 11. Unless the record clearly reveals that a different result is appropriate, an appellate court must defer to the factfinder's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, which is primarily a determination to be made by observation of the witnesses giving the testimony. See id. at 8.

## B. Law

Failure to prove venue in the county of prosecution constitutes reversible error. See Black v. State, 645 S.W.2d 789, 791 (Tex.Crim.App. 1983); Sixta v. State, 875 S.W.2d 17,

3

18 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd). It is presumed that venue is proven in the trial court, unless the record affirmatively shows otherwise or venue is made an issue at trial. See TEX. R. APP. P. 44.2(c)(1).

Venue in criminal cases need only be proven by a preponderance of the evidence, and proof may be established by either direct or circumstantial evidence. TEX. CODE CRIM. PROC. ANN. art. 13.17 (Vernon 1977);[1] see Black, 645 S.W.2d at 790. The trier of fact may make reasonable inferences from the evidence in deciding the issue of venue. Couchman v. State, 3 S.W.3d 155, 161 (Tex.App.--Fort Worth 1999, pet. ref'd); Benavides v. State, 763 S.W.2d 587, 588-89 (Tex.App.--Corpus Christi 1988, pet. ref'd). The evidence is sufficient to establish venue if "from the evidence the jury may reasonably conclude that the offense was committed in the county alleged." Rippee v. State, 384 S.W.2d 717, 718 (Tex.Crim.App. 1964); Couchman, 3 S.W.3d at 161.

## C. Analysis

Luis Pesina, testified that his brother, Bobby, told him that Bobby, appellant, and another person broke into Saleh's home and stole a Rolex watch and a ring. Bobby's mother, Ruth Ann Mendieta, testified that Saleh's home was located in O'Donnell, Lynn County. She confirmed that Bobby told her that Bobby, appellant, and some of Bobby's friends broke into Saleh's home and took some items, which included gold coins, a necklace, and a ring. Fabien Villanueva, appellant's brother, testified that Bobby went to

---

[1]Further references to an article of the Code of Criminal Procedure will be by reference to "Article _."

Villanueva's house the morning of March 14th and asked Villanueva where he could sell some items, which items included a gun, a necklace, and a gold Rolex watch. Villanueva testified that the items were in a bag, and the gun was in a brown or maroon leather case. Arturo Morado, an acquaintance of Bobby's, testified that Bobby told him that Bobby and appellant broke into Saleh's house and took a gold watch worth "a lot of money."

Fernando Vargas testified that he drove appellant, Bobby, and several others from O'Donnell to Lubbock in mid-March, 1998. He testified that appellant got into the van with a satchel and stuck it behind the back seat. Appellant directed Vargas to drive to Ed's Paint and Body Shop in Lubbock, and appellant went into the body shop with the satchel. Appellant stayed in the body shop for approximately 30 minutes and came back to the van with the satchel. Edward Martinez, owner of Ed's Paint and Body Shop, testified that appellant had worked for him briefly during 1998. He testified that appellant came by his shop to sell him a gun, and he purchased it for $100.

At the conclusion of the State's evidence, appellant moved for an instructed verdict on the charge of burglary of a habitation and unlawful possession of a firearm by a felon, contending that the evidence was legally insufficient to sustain a conviction "as to either one or both counts." The trial court denied the motion. During appellant's case-in-chief, Lee Ramero testified that he was one of the occupants that traveled in the van from O'Donnell to Lubbock in March, 1998. Ramero testified that Bobby got into the van in O'Donnell with a bag which had a shoulder strap, but that the appellant did not bring a

5

satchel onto the van. Ramero testified that both appellant and Bobby exited the van in Lubbock and went inside the auto body shop with the satchel.

Appellant's counsel contended in his opening statement that appellant neither burglarized Saleh's house nor possessed a firearm in Lynn County, Texas, as the State alleged. Appellant maintains that the issue of venue was again raised during closing arguments, wherein his counsel stated, "I told you in the beginning what I expected the evidence to prove during my opening statement . . . ." Appellant relies on Cunningham v. State, 848 S.W.2d 898, 901-02 (Tex.App.--Corpus Christi 1993, pet. ref'd), where the court held that the defendant timely raised the issue of venue during closing argument because the State could have produced evidence proving venue following the argument.

Appellant also maintains that the issue of venue was addressed in his motion for instructed verdict. A motion for instructed verdict which *specifically* challenges the proof of venue timely raises and preserves the issue on appeal. See Black, 645 S.W.2d at 790-91; Lozano v. State, 958 S.W.2d 925, 929 (Tex.App.--El Paso 1997, no pet.). In this instance, appellant did not specifically challenge venue in his motion for directed verdict; rather, he challenged the overall legal sufficiency of the evidence. Venue is not a "criminative fact" and thus, not a constituent element of the offense. Fairfield v. State, 610 S.W.2d 771, 779 (Tex.Crim.App. 1981).

We conclude that the venue issue was raised and preserved by appellant. The State's final argument specifically addressed the venue issue at some length. The record

6

demonstrates that the State was well aware of appellant's position that although he may have sold the pistol in Lubbock County, the evidence did not prove that he possessed a firearm in Lynn County.

We further conclude, however, that the trier of fact could have reasonably inferred from the evidence that appellant possessed a firearm in Lynn County. The testimony, which contained significant conflicts, is not challenged by appellant as being sufficient to support his conviction for burglary of Saleh's home in Lynn County. Saleh testified that a .357 magnum revolver with serial number 05943V was among the items stolen from his home. One of the occupants in the van that traveled from O'Donnell to Lubbock the day after the incident testified that when appellant was picked up, he entered the van with a satchel, then later carried the satchel into Ed's Paint and Body Shop in Lubbock. Edward Martinez testified that appellant came to his shop in Lubbock and sold him a pistol. The pistol was later entered into evidence and was identified as a .357 magnum with serial number 05943V.

There was conflicting testimony whether Bobby or appellant brought the satchel containing the pistol onto the van in O'Donnell, in Lynn County. One of the jury's functions is to resolve conflicts in the evidence. The credibility of the witnesses and their testimony is within the domain of those matters entrusted to a jury for resolution. See Garcia v. State, 919 S.W.2d 370, 382 n.6 (Tex.Crim.App. 1994). As an appellate court we may only set aside the jury's verdict for factual insufficiency if the entire record shows that evidence supporting the jury's finding is so weak as to be clearly wrong and manifestly unjust. See

7

Johnson, 23 S.W.3d at 11. The record before us does not clearly reveal that a different result from that reached by the jury is appropriate. Resolution of conflicts in testimony turns on an evaluation of credibility and demeanor of the witnesses, which is primarily a determination to be made by observation of the witnesses giving the testimony. See id. at 8. The jury's finding that appellant possessed a firearm in Lynn County is not supported by such weak evidence that it is clearly wrong and manifestly unjust. Appellant's first issue is overruled.

### III. IMPROPER JURY INSTRUCTION ON VENUE

By his second issue, appellant contends that the jury charge contained erroneous instructions on venue. He asserts that the court instructed the jury as to provisions of Articles 13.17 and 13.19, when Article 13.18 was the proper provision to be applied. Appellant asserts that Article 13.17 only authorizes an allegation of venue in the county of prosecution when Chapter 13 of the Code of Criminal Procedure contains a specific venue provision for the offense charged. Because there is no specific venue provision in Chapter 13 for the offense of unlawful possession of a firearm by a felon, appellant asserts that Article 13.17 is inapplicable to his case. Appellant further asserts that because evidence established that the offense was allegedly committed in Lubbock County where appellant sold the pistol, the jury should have been instructed on the general venue provisions of Article 13.18, and not the provisions of Article 13.19, which address offenses for which venue cannot be determined.

8

Appellant cites Wood v. State, 573 S.W.2d 207 (Tex.Crim.App. 1978) as authority that (1) Article 13.19 is applicable to cases in which the county or counties in which the offense took place is in factual dispute, but not to cases in which only the locus of the commission of certain elements is in dispute, and (2) Article 13.18 applies to prosecutions in counties in which the offense was committed.

Appellant claims that he was egregiously harmed by the instructions in the charge because the evidence was insufficient to prove that he possessed a firearm in Lynn County. He posits that the evidence presented by the State would have allowed a finding that he possessed a firearm in Lubbock County, and that such evidence and the court's instruction would have allowed the jury to find venue proper in Lynn County, despite the fact that he was not indicted under the venue provisions of Article 13.19. He cites no authority for his allegation that the instructions resulted in egregious harm.

A. Standard of Review and Law

If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant." In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1984) (en banc). If proper objection was not made at trial, reversal is warranted only if the error is so egregious and created such harm that the defendant "has not had a fair and impartial trial." Id. The degree of harm must be determined in light of

9

the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. Id.

## B. Analysis

The court instructed the jury as follows:

> An indictment may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue.

> If an offense has been committed within this state and it cannot readily be determined within which county or counties the commission took place, trial may be held in the county in which the defendant resides, in the county in which he is apprehended, or in the county to which he is extradited.

The first paragraph of the court's instruction is effectively a variation of both Articles 13.17 and 13.18 concerning proof of venue. The burden of proof is properly stated and allocated to the State. The instruction does not preclude a finding of venue under the language of the indictment in this matter. The second paragraph effectively instructs the jury as to the provisions of Article 13.19.

The first paragraph of the venue instruction required the State to prove that the offense was committed in Lynn County, where the prosecution was being carried on. Appellant does not claim that he was surprised by the evidence as to venue, the instructions themselves, or that the instructions did not effectively incorporate the provisions of Article 13.18 under the record.

10

We have previously overruled appellant's issue asserting that the evidence was factually insufficient to support a finding that appellant possessed a firearm in Lynn County. Thus, appellant's claim of egregious harm because of insufficiency of the evidence to find venue in Lynn County is not well taken.

Moreover, the application paragraph of the jury charge instructed the jury that appellant was to be found guilty as charged in the indictment ". . . if you find from the evidence beyond a reasonable doubt that on or about March 14, 1999,[2] in Lynn County, Texas, the defendant, Robert Miller, did then and there intentionally or knowingly possess a firearm, . . ."; but, otherwise, appellant was to be found not guilty. The application paragraph, therefore, did not allow the jury to find appellant guilty of possessing a firearm in any county other than Lynn County, which was the county charged in the indictment, despite the second paragraph of the venue instructions. And, the verdict forms required the jury to find appellant either guilty or not guilty of the offense of unlawful possession of a firearm "as charged in the indictment," which restricted the jury's consideration to whether appellant possessed a firearm in Lynn County.

In reviewing the entire record, the final arguments and the jury charge, we conclude that appellant has not shown that even if the jury charge was in error, the harm was such

---

[2]The date of the offense alleged in the charge of March 14, 1999, is at variance with the offense date alleged in the indictment of March 14, 1998. Appellant did not object in the trial court to the variance between the dates alleged in the indictment and the charge, nor has appellant assigned any error to the variance on appeal.

11

that he did not have a fair and impartial trial; that is, he did not suffer egregious harm by such error.  We overrule appellant's second issue.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.


Phil Johnson
Justice

Do not publish.