NO. 07-99-0323-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 4, 2001



______________________________



 

ROBERT MILLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 98-2406; HONORABLE GEORGE H. HANSARD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR REHEARING


 The Motion for Rehearing of appellant is denied. Our opinion dated September 28,
2001, is withdrawn and the following opinion is issued in its place.

 Appellant, Robert Miller, appeals from his conviction for unlawful possession of a
firearm by a felon. He challenges the State's proof of proper venue in Lynn County, Texas,
and the propriety of the court's charge to the jury. We affirm.

I. BACKGROUND

 The home of John Saleh in O'Donnell, Lynn County, Texas, was burglarized on
March 13, 1998. Saleh testified that numerous items, including a gold Rolex watch and
three revolver pistols were stolen. Bobby Pesina (Bobby) and appellant were charged with
the burglary. Appellant was also indicted for being a felon in possession of a firearm on
the day after the burglary. The possession charge arose out of the burglary and a trip to
Lubbock. Following the burglary, appellant and several others, including Bobby, drove to
Lubbock where appellant sold one of the stolen pistols to a former employer. 

 Appellant pled not guilty to both the burglary charge and the felon-in-possession
charge. The cases were tried together. Appellant was found guilty of both crimes. The
jury assessed punishment for each crime at incarceration in the Texas Department of
Justice, Institutional Division, for life.

 By two issues appellant challenges the sufficiency of the State's evidence that he
possessed a firearm in Lynn County, and urges error in the jury charge as to instructions
on venue for the possession charge. He does not challenge his conviction for burglary. 
We will address the issues in the order appellant presents them.

II. ISSUE 1: PROOF OF VENUE

 By his first issue, appellant contends that the evidence was factually insufficient to
prove that he possessed a firearm in Lynn County as alleged in the indictment. The State
responds that venue is presumed to have been proven at trial, unless the record shows
otherwise. The State argues that appellant did not overcome this presumption because
the issue of venue was not sufficiently raised at trial. The State further contends that even
if venue was raised as an issue, the jury could have reasonably inferred from the evidence
that appellant possessed a firearm in Lynn County, and that the evidence as to venue was
sufficient.

A. Standard of Review

 In reviewing a factual insufficiency claim, all the evidence on both sides is reviewed,
not in the light most favorable to the verdict, but in a neutral manner favoring neither side.
See Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000) (en banc); Kutzner v. State,
994 S.W.2d 180, 184 (Tex.Crim.App. 1999). In a case such as the matter before us where
the verdict is in favor of the party with the burden of proof, the verdict may only be set
aside for factual insufficiency if the entire record shows that evidence supporting the jury's
finding is so weak as to be clearly wrong and manifestly unjust. See Johnson, 23 S.W.3d
at 11. Unless the record clearly reveals that a different result is appropriate, an appellate
court must defer to the factfinder's determination concerning what weight to give
contradictory testimonial evidence because resolution often turns on an evaluation of
credibility and demeanor, which is primarily a determination to be made by observation of
the witnesses giving the testimony. See id. at 8. 

B. Law

 Failure to prove venue in the county of prosecution constitutes reversible error. See
Black v. State, 645 S.W.2d 789, 791 (Tex.Crim.App. 1983); Sixta v. State, 875 S.W.2d 17,
18 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd). It is presumed that venue is proven in
the trial court, unless the record affirmatively shows otherwise or venue is made an issue
at trial. See Tex. R. App. P. 44.2(c)(1). 

 Venue in criminal cases need only be proven by a preponderance of the evidence,
and proof may be established by either direct or circumstantial evidence. Tex. Code Crim.
Proc. Ann. art. 13.17 (Vernon 1977); (1) see Black, 645 S.W.2d at 790. The trier of fact
may make reasonable inferences from the evidence in deciding the issue of venue. 
Couchman v. State, 3 S.W.3d 155, 161 (Tex.App.--Fort Worth 1999, pet. ref'd); Benavides
v. State, 763 S.W.2d 587, 588-89 (Tex.App.--Corpus Christi 1988, pet. ref'd). The
evidence is sufficient to establish venue if "from the evidence the jury may reasonably
conclude that the offense was committed in the county alleged." Rippee v. State, 384
S.W.2d 717, 718 (Tex.Crim.App. 1964); Couchman, 3 S.W.3d at 161. C. Analysis

 Luis Pesina, testified that his brother, Bobby, told him that Bobby, appellant, and
another person broke into Saleh's home and stole a Rolex watch and a ring. Bobby's
mother, Ruth Ann Mendieta, testified that Saleh's home was located in O'Donnell, Lynn
County. She confirmed that Bobby told her that Bobby, appellant, and some of Bobby's
friends broke into Saleh's home and took some items, which included gold coins, a
necklace, and a ring. Fabien Villanueva, appellant's brother, testified that Bobby went to
Villanueva's house the morning of March 14th and asked Villanueva where he could sell
some items, which items included a gun, a necklace, and a gold Rolex watch. Villanueva
testified that the items were in a bag, and the gun was in a brown or maroon leather case. 
Arturo Morado, an acquaintance of Bobby's, testified that Bobby told him that Bobby and
appellant broke into Saleh's house and took a gold watch worth "a lot of money." 

 Fernando Vargas testified that he drove appellant, Bobby, and several others from
O'Donnell to Lubbock in mid-March, 1998. He testified that appellant got into the van with
a satchel and stuck it behind the back seat. Appellant directed Vargas to drive to Ed's
Paint and Body Shop in Lubbock, and appellant went into the body shop with the satchel. 
Appellant stayed in the body shop for approximately 30 minutes and came back to the van
with the satchel. Edward Martinez, owner of Ed's Paint and Body Shop, testified that
appellant had worked for him briefly during 1998. He testified that appellant came by his
shop to sell him a gun, and he purchased it for $100. 

 At the conclusion of the State's evidence, appellant moved for an instructed verdict
on the charge of burglary of a habitation and unlawful possession of a firearm by a felon,
contending that the evidence was legally insufficient to sustain a conviction "as to either
one or both counts." The trial court denied the motion. During appellant's case-in-chief, 
Lee Ramero testified that he was one of the occupants that traveled in the van from
O'Donnell to Lubbock in March, 1998. Ramero testified that Bobby got into the van in
O'Donnell with a bag which had a shoulder strap, but that the appellant did not bring a
satchel onto the van. Ramero testified that both appellant and Bobby exited the van in
Lubbock and went inside the auto body shop with the satchel. 

 Appellant's counsel contended in his opening statement that appellant neither
burglarized Saleh's house nor possessed a firearm in Lynn County, Texas, as the State
alleged. Appellant maintains that the issue of venue was again raised during closing
arguments, wherein his counsel stated, "I told you in the beginning what I expected the
evidence to prove during my opening statement . . . ." Appellant relies on Cunningham v.
State, 848 S.W.2d 898, 901-02 (Tex.App.--Corpus Christi 1993, pet. ref'd), where the court
held that the defendant timely raised the issue of venue during closing argument because
the State could have produced evidence proving venue following the argument. 

 Appellant also maintains that the issue of venue was addressed in his motion for
instructed verdict. A motion for instructed verdict which specifically challenges the proof
of venue timely raises and preserves the issue on appeal. See Black, 645 S.W.2d at 790-91; Lozano v. State, 958 S.W.2d 925, 929 (Tex.App.--El Paso 1997, no pet.). In this
instance, appellant did not specifically challenge venue in his motion for directed verdict;
rather, he challenged the overall legal sufficiency of the evidence. Venue is not a
"criminative fact" and thus, not a constituent element of the offense. Fairfield v. State, 610
S.W.2d 771, 779 (Tex.Crim.App. 1981).

 We conclude that the venue issue was raised and preserved by appellant. The
State's final argument specifically addressed the venue issue at some length. The record
demonstrates that the State was well aware of appellant's position that although he may
have sold the pistol in Lubbock County, the evidence did not prove that he possessed a
firearm in Lynn County. 

 We further conclude, however, that the trier of fact could have reasonably inferred
from the evidence that appellant possessed a firearm in Lynn County. The testimony,
which contained significant conflicts, is not challenged by appellant as being insufficient
to support his conviction for burglary of Saleh's home in Lynn County. Saleh testified that
a .357 magnum revolver with serial number 05943V was among the items stolen from his
home. One of the occupants in the van that traveled from O'Donnell to Lubbock the day
after the incident testified that when appellant was picked up, he entered the van with a
satchel, then later carried the satchel into Ed's Paint and Body Shop in Lubbock. Edward
Martinez testified that appellant came to his shop in Lubbock and sold him a pistol. The
pistol was later entered into evidence and was identified as a .357 magnum with serial
number 05943V. 

 There was conflicting testimony whether Bobby or appellant brought the satchel
containing the pistol onto the van in O'Donnell, in Lynn County. One of the jury's functions
is to resolve conflicts in the evidence. The credibility of the witnesses and their testimony
is within the domain of those matters entrusted to a jury for resolution. See Garcia v.
State, 919 S.W.2d 370, 382 n.6 (Tex.Crim.App. 1994). As an appellate court we may only
set aside the jury's verdict for factual insufficiency if the entire record shows that evidence
supporting the jury's finding is so weak as to be clearly wrong and manifestly unjust. See
Johnson, 23 S.W.3d at 11. The record before us does not clearly reveal that a different
result from that reached by the jury is appropriate. Resolution of conflicts in testimony
turns on an evaluation of credibility and demeanor of the witnesses, which is primarily a
determination to be made by observation of the witnesses giving the testimony. See id.
at 8. The jury's finding that appellant possessed a firearm in Lynn County is not supported
by such weak evidence that it is clearly wrong and manifestly unjust. Appellant's first issue
is overruled.

III. IMPROPER JURY INSTRUCTION ON VENUE

 By his second issue, appellant contends that the jury charge contained erroneous
instructions on venue. He asserts that the court instructed the jury as to provisions of 
Articles 13.17 and 13.19, when Article 13.18 was the proper provision to be applied. 
Appellant asserts that Article 13.17 only authorizes an allegation of venue in the county
of prosecution when Chapter 13 of the Code of Criminal Procedure contains a specific
venue provision for the offense charged. Because there is no specific venue provision in
Chapter 13 for the offense of unlawful possession of a firearm by a felon, appellant asserts
that Article 13.17 is inapplicable to his case. Appellant further asserts that because
evidence established that the offense was allegedly committed in Lubbock County where
appellant sold the pistol, the jury should have been instructed on the general venue
provisions of Article 13.18, and not the provisions of Article 13.19, which address offenses
for which venue cannot be determined.

 Appellant cites Wood v. State, 573 S.W.2d 207 (Tex.Crim.App. 1978) as authority
that (1) Article 13.19 is applicable to cases in which the county or counties in which the
offense took place is in factual dispute, but not to cases in which only the locus of the
commission of certain elements is in dispute, and (2) Article 13.18 applies to prosecutions
in counties in which the offense was committed. 

 Appellant claims that he was egregiously harmed by the instructions in the charge
because the evidence was insufficient to prove that he possessed a firearm in Lynn
County. He posits that the evidence presented by the State would have allowed a finding
that he possessed a firearm in Lubbock County, and that such evidence and the court's
instruction would have allowed the jury to find venue proper in Lynn County, despite the
fact that he was not indicted under the venue provisions of Article 13.19. He cites no
authority for his allegation that the instructions resulted in egregious harm. 

A. Standard of Review and Law

 If the error in the charge was the subject of a timely objection in the trial court, then
reversal is required if the error is "calculated to injure the rights of defendant." In other
words, an error which has been properly preserved by objection will call for reversal as
long as the error is not harmless. See Almanza v. State, 686 S.W.2d 157, 171
(Tex.Cr.App. 1984) (en banc). If proper objection was not made at trial, reversal is
warranted only if the error is so egregious and created such harm that the defendant "has
not had a fair and impartial trial." Id. The degree of harm must be determined in light of
the entire jury charge, the state of the evidence, including the contested issues and weight
of probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole. Id.

B. Analysis

 The court instructed the jury as follows:

 An indictment may allege that the offense was committed in the county
where the prosecution is carried on. To sustain the allegation of venue, it
shall only be necessary to prove by the preponderance of the evidence that
by reason of the facts in the case, the county where such prosecution is
carried on has venue.


 If an offense has been committed within this state and it cannot readily be
determined within which county or counties the commission took place, trial
may be held in the county in which the defendant resides, in the county in
which he is apprehended, or in the county to which he is extradited.


The first paragraph of the court's instruction is effectively a variation of both Articles 13.17
and 13.18 concerning proof of venue. The burden of proof is properly stated and allocated
to the State. The instruction does not preclude a finding of venue under the language of
the indictment in this matter. The second paragraph effectively instructs the jury as to the
provisions of Article 13.19. 

 We have previously overruled appellant's issue asserting that the evidence was
factually insufficient to support a finding that appellant possessed a firearm in Lynn
County. Thus, appellant's claim of egregious harm because of insufficiency of the
evidence to find venue in Lynn County is not well taken. 

 Moreover, the application paragraph of the jury charge instructed the jury that
appellant was to be found guilty as charged in the indictment ". . . if you find from the
evidence beyond a reasonable doubt that on or about March 14, 1999, (2) in Lynn County,
Texas, the defendant, Robert Miller, did then and there intentionally or knowingly possess
a firearm, . . ."; but, otherwise, appellant was to be found not guilty. The application
paragraph, therefore, did not allow the jury to find appellant guilty of possessing a firearm
in any county other than Lynn County, which was the county charged in the indictment,
despite the second paragraph of the venue instructions. And, the verdict forms required
the jury to find appellant either guilty or not guilty of the offense of unlawful possession of
a firearm "as charged in the indictment," which restricted the jury's consideration to
whether appellant possessed a firearm in Lynn County. 

 In reviewing the entire record, the final arguments and the jury charge, we conclude
that appellant has not shown that even if the jury charge was in error, the harm was such
that he did not have a fair and impartial trial; that is, he did not suffer egregious harm by
such error. We overrule appellant's second issue.

CONCLUSION

 Having overruled both of appellant's issues, we affirm the judgment of the trial court. 


 Phil Johnson

 Justice

Do not publish. 
1. Further references to an article of the Code of Criminal Procedure will be by
reference to "Article _."
2. The date of the offense alleged in the charge of March 14, 1999, is at variance with
the offense date alleged in the indictment of March 14, 1998. Appellant did not object in
the trial court to the variance between the dates alleged in the indictment and the charge,
nor has appellant assigned any error to the variance on appeal.