## LYLE CARLOSS v. THE STATE.

No. 4452. Decided October 24, 1917.

**1.—Forgery—Former Jeopardy—Practice in District Court.**

Where the indictment contains a count for forgery and another for passing a forged instrument and defendant had been previously tried and acquitted upon the latter count, his plea of former jeopardy on said count being sustained and the defendant placed on trial for forgery is proper practice.

2.—Same—Intent to Defraud—Jurisdiction—Venue.

Where the alleged forged instrument was not forged in the county of the prosecution and defendant's attempt to pass same in said county not being fraudulent, the venue or jurisdiction of that county from that viewpoint did not attach, and defendant could not be prosecuted for forgery in that county. Following Bagby v. State, 63 Texas Crim. Rep., 606, and other cases. Prendergast, Judge, dissenting.

Appeal from the District Court of Taylor. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Scarborough & Davidson,* for appellant.—On question of want of fraudulent intent: Ellis v. State, 23 S. W. Rep., 678, and cases cited in opinion.

On question of insufficiency of the evidence of forgery: Spicer v. State, 105 S. W. Rep., 813; Brooks v. State, 57 Texas Crim. Rep., 251, 122 S. W. Rep., 386; Reeseman v. State, 59 Texas Crim. Rep., 430, 128 S. W. Rep., 1126.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of venue: Mason v. State, 32 Texas Crim. Rep., 95; Hocker v. State, 34 id., 359; Thulemeyer v. State, 34 id., 619; Meredith v. State, 164 S. W. Rep., 1020.

DAVIDSON, Presiding Judge.—Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.

The indictment contained three counts, two for forgery and one for passing the forged instrument. He had been previously tried and acquitted for passing the forged instrument. He interposed a plea of jeopardy, which was sustained by the court as to the count in the instant indictment, and that passed out of the case, and appellant was tried for forgery.

The State's case on the facts is that the instrument declared upon came through the mail in a letter supposed to have been written by appellant directed to his father-in-law at Merkel, in Taylor County. The letter instructed or requested his father-in-law, Bell, to collect the money, and directed its application after being collected. In the first indictment he was charged with passing this instrument upon Bell, his father-in-law. The jury acquitted. In order to render a party guilty of passing a forged instrument, that passing must be with the purpose to defraud. There seems to have been no purpose or intent, as shown by the evidence, to defraud the father-in-law. The father-in-law testified, and with some animosity, against appellant. After receiving the letter he went to the bank late in the evening and undertook to get Mr. Swan, a bank officer, to send the check to Fort Worth for collection,

it being drawn on a Fort Worth bank. This, however, was not done, and the witness Bell testified that the reason he did so was that he was afraid there was something wrong about it and was a forgery. He intended to get this bank at Merkel to send it to the Fort Worth bank upon which it was drawn for collection. This seems to have ended the matter so far as Taylor County was concerned, except the trial. The instrument purported to have been made, and the State's contention was that it was forged in the City of Fort Worth, in Tarrant County, by appellant; that it reached Taylor County by the means stated. In order to give jurisdiction to or venue in Taylor County it was necessary, as the instrument was not forged in that county, that it was attempted to be used or passed in that county for fraudulent purposes. If the instrument was not so used in Taylor County, then the venue or jurisdiction of that county from that viewpoint did not attach. The whole case is one of circumstantial evidence as to his having forged the instrument originally. The testimony is anything but cogent, showing the fact that he forged it. But we are not passing upon the weight of the testimony in regard to forgery. The question here is, the county of Taylor did not have jurisdiction, and we are of opinion that proposition is sound. We have stated sufficiently the condition of the record and the facts as shown, and we deem it useless to discuss it further. Jessup v State, 44 Texas Crim. Rep., 83; Bagby v. State, 63 Texas Crim. Rep., 610.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE.—I am not satisfied that jurisdiction was not in Taylor County; for that reason I do not consent to the reversal.