**David S. SOLIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–01095–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 28, 2001.

Rehearing Overruled Nov. 8, 2001.

 

Brenda Doucette, Houston, for appellant.

Brian Marcus Middleton, Richmond, for appellee.

Panel consists of Justices YATES, WITTIG, and FROST.

## OPINION

YATES, Justice.

Appellant, David S. Soliz, was convicted by a jury of misdemeanor perjury and sentenced to one year in jail and a $500.00 fine, both probated. In three points of error, he complains that the evidence is legally and factually insufficient to prove venue was proper in Fort Bend County, Texas. We reverse and remand.

### I. Background

Appellant sued Apollo Paint and Body and its owner, Farouk Al Attar (collectively "Apollo"), in Fort Bend County small claims court, alleging Apollo converted appellant's personal property when appellant's employment with Apollo terminated. Apollo suffered a default judgment and appealed *de novo* to the Fort Bend County Court ("the civil lawsuit"). In connection with its *de novo* appeal, Apollo noticed appellant's deposition, who was *pro se.* Appellant's deposition was held at the office of Apollo's attorney, William Harmeyer, located in Harris County. During the deposition, Harmeyer questioned appellant rather extensively about his background, including his educational and employment history. One line of questions concerned whether appellant held a college degree. Appellant testified that he graduated with

a business degree from the University of Houston. Apparently suspicious that appellant was not being truthful, Harmeyer requested appellant provide proof of his degree. Appellant agreed to do so, but never did. Harmeyer then noticed the deposition of the custodian of academic records for the University of Houston. This witness confirmed Harmeyer's belief that appellant was lying about his educational background. At the trial of the civil lawsuit, appellant was called as a witness by Harmeyer and readily admitted to the court and to the jury that he had lied in his deposition when he testified that he earned a degree from the University of Houston. At the close of evidence, the court entered a judgment ordering that appellant take nothing and that appellant pay Apollo $8,550.00.

Subsequently, the State charged appellant with perjury, a Class A misdemeanor, which provides that "a person commits an offense if, with intent to deceive and with knowledge of the statement's meaning, he makes a false statement under oath . . . and the statement is required or authorized by law to be made under oath." TEX. PEN.CODE ANN. § 37.02(a)(1) (Vernon 1994). Venue was predicated upon appellant's alleged attempted use of the perjured statement in Fort Bend County. *See* TEX.CODE CRIM. PROC. ANN. art. 13.03 (Vernon 1977). At the close of evidence, appellant moved for a directed verdict on the ground that the State failed to prove venue. The motion was denied, and appellant was convicted and sentenced to a $500.00 fine and one year in jail, probated. He now brings this appeal.

## II. Improper Venue

In his first point of error, appellant complains that the trial court erred in denying his motion for directed verdict because the evidence was insufficient to show venue was proper in Fort Bend County. Appellant's second point of error complains that venue in Fort Bend County was improper because the venue facts established at trial were insufficient to show beyond a reasonable doubt that appellant attempted to use his perjurious testimony in Fort Bend County.

■ Venue in a criminal case need only be proven by a preponderance of the evidence, which may be either direct or circumstantial. TEX.CODE CRIM. PROC. ANN. art. 13.17 (Vernon 1977); *Black v. State*, 645 S.W.2d 789, 790 (Tex.Crim.App.1983). This is so even though the jury—as in this case—is erroneously charged that venue must be proved beyond a reasonable doubt.[1] *See Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997) (holding that sufficiency of evidence to support a conviction is not measured by the jury charge actually given but rather measured by the elements of the offense as defined by a hypothetically correct charge). Evidence is sufficient to establish venue if, "from [that] evidence the [fact finder] may reasonably conclude that the offense was committed in the county alleged." *Rippee v. State*, 384 S.W.2d 717, 718 (Tex.Crim.App. 1964); *Knabe v. State*, 836 S.W.2d 837, 839 (Tex.App.—Fort Worth 1992, pet. ref'd). Where venue is improper, it is error for the trial court to deny a motion for acquittal. *Black*, 645 S.W.2d at 791; *Couchman v. State*, 3 S.W.3d 155, 161 (Tex.App.—Fort Worth 1999, pet. ref'd).

The Code of Criminal Procedure provides that a case of perjury "may be prosecuted in the county where committed, or in

---

**1.** The court's charge stated, in relevant part, "if you . . . find from the evidence beyond a reasonable doubt said defendant attempted to use said false statement in Fort Bend County, Texas. . . ."

the county where the false statement is used or attempted to be used." TEX.CODE CRIM. PROC. ANN. art. 13.03 (Vernon 1977). Although the statute provides three alternative venue choices, the State's only basis for venue, as alleged in the information, was that "said Defendant attempted to use said false statement in Fort Bend County, Texas."

■ Although attempt is not defined by the Code of Criminal Procedure, the Code does provide that "[a]ll words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined." TEX.CODE CRIM. PROC. ANN. art. 3.01 (Vernon 1977). Nevertheless, the common acceptation of the word must yield to the context in which it appears or to the particular meaning it has acquired. TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998); see also Bingham v. State, 913 S.W.2d 208, 209–10 (Tex.Crim.App.1995) (construing "testimony" in accordance with Black's definition, not common understanding, where latter embraces out-of-court statements but former is limited to a certain kind of evidence which comes to a tribunal through live witnesses testifying under oath). We, therefore, hold that attempt, undefined by the Code of Criminal Procedure venue provisions, means "an intent combined with an act falling short of

the thing intended." BLACK's LAW DICTIONARY (6th ed.1990) 127; accord TEX.PEN. CODE ANN. § 15.01(a) (Vernon 1994) (stating that a person is guilty of attempt "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended") (emphasis added).

■ The State insists there is "ample evidence that appellant's false statements in Harris County were made to be used in the Fort Bend County litigation." (Emphasis our own.) The State contends that the following "facts" support its position: (1) appellant knew his deposition was taken in connection with the Fort Bend County litigation; (2) he understood the deposition could be used at trial as though he were testifying live;[2] and (3) he understood the same penalties for perjury applied to a deposition and live testimony at trial. None of the facts the State relies on, however, support a conclusion that appellant did any act in Fort Bend County with respect to his perjured deposition, and other facts belie the State's contention.[3] For instance, only Harmeyer used appellant's perjurious statement, and then only to impeach appellant.[4] The only evidence from trial that appellant actually attempted to use the statement about his

2. Under the discovery rules in effect at the time of appellant's deposition, a deposition "may be used by any person for any purpose against any party who was present or represented at the taking of the deposition...." TEX.R. CIV. P. 207 (1994, repealed 1999).

3. The State also presented no evidence at trial—and does not argue on appeal—that appellant attempted to use his deposition in Fort Bend County anywhere other than at trial. Accordingly, we are not faced with the question of whether venue would have been proper in Fort Bend County had appellant attempted to use the false statement at a media-

tion or settlement conference or at some other proceeding.

4. This is not a case where appellant could be liable under section 7.02 of the Penal Code for Harmeyer's "use" of the perjured statement at the civil trial for impeachment purposes. Under that section, a person is criminally responsible for another's conduct if he causes an innocent person to engage in prohibited conduct, assists another in committing the offense, or if he has a legal duty to prevent the commission of the offense and fails to make a reasonable effort to do so. TEX. PEN. CODE ANN. § 7.02(a) (Vernon 1994).

degree was from Harmeyer, who testified that he believed "absolutely" appellant attempted to use the false statement in Fort Bend County. But, critically, Harmeyer also testified on cross-examination that, "In between the time of deposition and the time of trial, there was absolutely no way that he could do that anymore [*i.e.*, he could not use the perjurious statement], but at the time he gave the deposition, he had that *intent* in my opinion."[5] (Emphasis our own.) Intent alone, however, is insufficient to establish attempt. *See* TEX. PEN.CODE ANN. § 15.01(a) (Vernon 1994).

Although no court in this State has previously addressed this precise issue, *Carloss v. State* is analogous. 82 Tex.Crim. 19, 198 S.W. 147 (1917). There, the defendant sent his father-in-law, who lived in Taylor County, a check he forged in Fort Worth, instructing the father-in-law to forward the check back to Fort Worth for collection. *Id.* at 20, 198 S.W. 147. The court held that, in order for venue to be proper in Taylor County, "it was necessary, as the instrument was not forged in that county, that it was attempted to be used or passed in that county for fraudulent purposes." *Id.* at 21, 198 S.W. 147.[6] Because Carloss did not attempt to defraud anyone in Taylor County, venue was improper there. *Id.* Similarly, we hold that in order for appellant to attempt to use his false statement in Fort Bend County, something more was required of him than merely perjuring himself in Harris County. Because the State failed to come forward with any evidence of an act appel-

lant committed in Fort Bend County to support venue, we sustain appellant's first and second points of error.

Accordingly, we reverse appellant's conviction and remand the cause back to the trial court with instructions to dismiss the information.[7]

---

**5.** This could explain the jury's confusion as reflected in a question the foreman submitted to the court during deliberations: "If the deposition was made in Harris County, why does the charge say it was alleged to be committed in Fort Bend County, Texas?"

**6.** The venue statute for forgery has remained substantially unchanged since the time of *Carloss*. Like the perjury statute, both then and

now, venue was proper either where the writing was forged, or where it was passed or attempted to be passed. TEX.CODE CRIM. PROC. ANN. art. 13.02 (Vernon 1977); *Carloss*, 82 Tex.Crim. at 21, 198 S.W. 147.

**7.** Our holding does not preclude the State from prosecuting appellant in the proper county. *See O'Hara v. State*, 837 S.W.2d 139, 143 (Tex.App.—Austin 1992, pet. ref'd).