Affirmed and Majority and Concurring Opinions filed June 29, 2004









Affirmed and Majority and Concurring Opinions filed
June 29, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-01241-CR

         14-02-01242-CR

         14-02-01244-CR

         14-02-01245-CR

____________

 

PATRICK
SUDDS,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

________________________________________________________

 

On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause Nos. 908116, 908117, 908118 & 908119

 

________________________________________________________

 

M A J O R I T Y   O P I N I O N








This case presents an interesting
and unsettled issue regarding the proper standard of review for evaluating a
criminal defendant=s
challenge to the sufficiency of the evidence supporting a venue
determination.  Appellant Patrick Sudds,
who was convicted on four counts of sexual assault of a child, contends the
evidence was legally and factually insufficient to prove venue in Harris County
for trial court cause numbers 908118 and 908119.  He also claims his trial counsel provided
ineffective assistance during the punishment phase of trial.  We affirm.

I.  Factual
and Procedural Background

In November of 2001,
four-year-old K.L.B. was visiting her aunt in Bryan, Texas. According to the
aunt=s
testimony, K.L.B. told her that appellant had sexually abused K.L.B. and K.L.B.=s older
sister, five-year-old K.K.B. 
Specifically, the aunt testified K.L.B. confided that appellant had
forced her and K.K.B. to perform oral sex on him, and she described what
happened.  K.K.B. was not staying with
the aunt at the time K.L.B. made these statements.  The aunt testified that she first telephoned
the girls= mother and recounted the
allegations K.L.B. had made.  The aunt
took K.L.B. to the Child Protective Services office in Bryan after K.L.B.=s mother
allegedly suggested to the aunt in their phone conversation that K.L.B. was not
telling the truth.  K.L.B. was then taken
to Scotty=s House, a child advocacy center
in Bryan, where she discussed the allegations in a videotaped conversation with
a forensic interviewer.  Later, K.K.B.
made similar allegations when talking with a representative at the Children=s
Assessment Center in Houston.  Appellant
denied the allegations.  He later
provided a statement to an officer with the Houston Police Department, in which
he stated K.K.B. had seen him masturbating while he was viewing a pornographic
film. 

Appellant was charged by
indictment with four counts of aggravated sexual assault of a child.  See Tex.
Pen. Code Ann. ' 22.011
(Vernon 2003).  A jury found appellant
guilty in all four cases and sentenced him to twenty-five years=
confinement in the Texas Department of Criminal Justice, Institutional Division
in each of the four cases. The trial court granted the State=s motion
to cumulate the sentences, but only as to cause numbers 908117 and 908118. 








II.  Issues
Presented

(1)       Is the evidence legally and factually
sufficient to prove appellant committed the charged offenses against K.L.B. in
Harris County?

(2)       Did
appellant=s trial counsel provide ineffective assistance by
failing to present witnesses during the punishment phase and by not filing a
motion for probation?  

III.  Analysis

A.        Venue

In his first issue, appellant argues the evidence is legally
and factually insufficient to prove appellant committed the offenses charged in
cause numbers 908118 and 908119 in Harris County.[1]


As a general rule, venue is proper in the county in which a
sexual offense is alleged to have taken place. 
Tex. Code Crim. Proc. Ann.
art. 13.15 (Vernon Supp. 2004).  The
burden of proof is on the State to establish proper venue by a preponderance of
the evidence. Tex. Code Crim. Proc. Ann.
art. 13.17 (Vernon 1977).  Failure
to prove venue in the county of prosecution is reversible error.  See Black v. State, 645 S.W.2d 789, 791
(Tex. Crim. App. 1983). 








There is uncertainty in the case
law as to whether a criminal defendant can attack the factual sufficiency of a
venue determination and as to the standard of review for evaluating challenges
to the sufficiency of the evidence supporting venue.  The Court of Criminal Appeals first
articulated a factual-sufficiency standard of review in a criminal case in Meraz
v. State.  See Zuniga v. State,
No. 539-02, 2004 WL 840786, at *4, C S.W.3d C, C (Tex.
Crim. App. Apr. 21, 2004) (citing Meraz v. State, 785 S.W.2d 146 (Tex.
Crim. App. 1990)).  Prior to Meraz,
our high court articulated a single standard for reviewing the sufficiency of
the evidence in the context of venue:  AIt is sufficient if from the evidence
the jury may reasonably conclude that the offense was committed in the county
alleged.@ 
Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964).  Although this standard does not
require the reviewing court to view the evidence in a light favoring venue,[2]
it is nonetheless a legal-sufficiency standard because, if the evidence
supporting the venue determination is insufficient, the appellant is entitled
to a judgment of acquittal.  See Black
v. State, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983) (concluding appellant=s motion
for acquittal was improperly denied because the evidence was insufficient to
support venue determination); Knabe v. State, 836 S.W.2d 837, 839B40 (Tex.
App.CFort
Worth 1992, pet. ref=d)
(holding acquittal should be directed in favor of defendant in
aggravated-sexual-assault-of-child case because, under Rippee standard,
evidence was insufficient to support venue determination).








Since Meraz and the
articulation of standards for factual-sufficiency review in criminal cases,
some courts of appeals have continued to utilize the single standard set forth
in Rippee when reviewing the sufficiency of the evidence to support
venue determinations.  See, e.g.,
Edwards v. State, 97 S.W.3d 279, 285 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (quoting Rippee v. State,
384 S.W.2d 717, 718 (Tex. Crim. App. 1964)).  In other cases, however, courts have allowed
challenges to both the legal and factual sufficiency of the evidence to support
venue determinations, applying the usual standards of review for legal and
factual sufficiency in criminal cases.  See,
e.g., Soliz v. State, No. 14-99-01095-CR, 2003 WL 22433813, at *2 (Tex. App.CHouston [14th Dist.] Oct. 28,
2003, no pet.) (not designated for publication) (reviewing factual sufficiency
of venue determination using standard articulated in Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000)); Aguirre v. State, No.
08-02-00104-CR, 2003 WL 21810961, at *3 (Tex. App.CEl Paso
Aug. 7, 2003, pet. ref=d) (not
designated for publication) (same as Soliz); Urbanski v. State,
993 S.W.2d 789, 796 (Tex. App.CDallas
1999, no pet.) (reviewing venue determination for both legal and factual
sufficiency, although stating that court assumed without deciding that the
appellant was entitled to a factual-sufficiency review); Crain v. State,
No. 14-97-00234-CR, 1998 WL 418846, at *6 (Tex. App.CHouston [14th Dist.] July 23, 1998, no pet.) (not
designated for publication) (reviewing factual sufficiency of venue
determination using standard articulated in Clewis v. State, 922 S.W.2d
126, 129B30 (Tex.
Crim. App. 1996)).  The Court of Criminal
Appeals has not decided whether an appellant may attack the factual sufficiency
of a venue determination.  In one recent
case, the Court of Criminal Appeals reviewed the sufficiency of the evidence to
support a venue determination under what appeared to be the single standard of
review from Rippee, although the court cited no cases for the standard
of review that it applied.  See Murphy
v. State, 112 S.W.3d 592, 603B04 (Tex.
Crim. App. 2003) (concluding a rational jury could have found venue was proper
in the trial court under the applicable venue statute).  








If a factual-sufficiency review is available as to venue
issues, it would be difficult to craft a remedy in such cases.  When a reviewing court determines that the
evidence is factually insufficient, the appropriate remedy is to reverse the
judgment and remand for a new trial.  Clewis
v. State, 922 S.W.2d 126, 133B34 (Tex. Crim. App. 1996). Though
venue must be established, it is not a Acriminative fact@ and thus not an essential element of
the offense.  Boyle v. State, 820
S.W.2d 122, 140 (Tex. Crim. App. 1989), overruled on other grounds, Gordon
v. State, 801 S.W.2d 899, 911 n. 13 (Tex. Crim. App.1990).  It would be an unusual remedy to grant an
appellant a new trial on the entire case if the evidence and the law show that
the conviction and sentence are proper in all respects except that the evidence
was factually insufficient as to venue. 
On the other hand, it would seem difficult, if not impossible, for a
second jury to retry only the venue issue. 
In part because of the procedural difficulties of remanding for a
retrial as to venue, the Texas Supreme Court has held that venue determinations
may not be attacked for factual sufficiency in civil cases.  See Ruiz v. Conoco, Inc., 868 S.W.2d
752, 757B58 (Tex.
1993).  The Court of Criminal Appeals has not explicitly sanctioned
challenges as to the factual sufficiency of venue determinations in criminal
cases.  As an intermediate court of
appeals, we decline to extend the law to allow such challenges.  Until the Court of Criminal Appeals clarifies
the appropriate standard of review for challenging the legal sufficiency of
venue determinations, we will continue to apply the Rippee standard in
these cases.  See Rippee, 384 S.W.2d at 718;
Edwards, 97 S.W.3d at 285.  Therefore, we reject appellant=s factual-sufficiency challenge and
review the record to determine if, from the evidence, the jury reasonably could
have concluded that the offenses in cause numbers 908118
and 908119 were
committed in Harris County.  See Rippee, 384 S.W.2d at 718;
Edwards, 97 S.W.3d at 285.  








In support of his contention that
the evidence of venue is insufficient, appellant points to K.L.B.=s
testimony that the acts occurred while she was in Midway, Texas.  Testimony revealed that, in the videotaped
conversation in Bryan, K.L.B. indicated at least one of the acts occurred Aat school@;
however, K.L.B. was not old enough to be in school at the time.  During trial, K.L.B. first testified that she
was Aat her
Nana=s house@ when at
least one of the incidents occurred, and that it happened while her mother was
at work.  The woman K.L.B. refers to as ANana@ is her
maternal grandmother, who lived in Harris County at the time of the
incidents.  Later in her testimony,
five-year-old K.L.B. stated that those events happened in Midway, which is not
in Harris County.  K.L.B. lived in Midway
with her great-grandmother and aunt until August of 2001, when she moved to
Houston (Harris County) to live with her mother and appellant.  K.L.B.=s mother
testified that while the girls were living in Midway, she and appellant would
make trips to visit them.  The
credibility of the witnesses and their testimony is within the domain of those
matters entrusted to a jury for resolution. 
Tex. Code Crim. Proc. art.
38.04; see Garcia v. State, 919 S.W.2d 370, 382 n.6 (Tex. Crim. App.
1996) (op. on reh=g) (per
curiam).  The jury is not only entitled
to resolve conflicts but can even choose to disbelieve any recantation.  Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991).  Therefore, the
jury could have chosen to disbelieve K.L.B.=s
inconsistent statement that the events occurred in Midway.  








Additional testimony placed the
incidents in Harris County.  The outcry
witness, K.L.B.=s aunt,
testified that K.L.B. told her the incidents happened at the apartment off of
Gulf Bank, which is in Harris County. 
The girls lived with their mother and appellant in two different
apartments on Gulf Bank, apartments 2611 and 2112.  The four lived in apartment 2611 from August
2001 until October of 2001, and then moved into the second apartment with
K.L.B.=s
maternal grandmother (Nana).  The
investigating officer stated that she was under the impression the events took
place at apartment 2611.  In addition,
K.K.B. testified the acts against her occurred at her ANana=s house@ while
K.L.B. was in the living room.  We
conclude that, based on the
evidence at trial, the jury reasonably could have concluded that the offenses
in cause numbers 908118 and 908119 were committed in Harris County.  See Rippee, 384 S.W.2d at 718.  Furthermore, we note that, even
if we were to apply an ordinary legal and factual sufficiency analysis,[3]
the evidence still would be legally and factually sufficient to support venue
in Harris County.  Accordingly, we hold
that the evidence was sufficient to support venue in Harris County, and we
overrule appellant=s first
issue.  

B.        Ineffective Assistance of Counsel Claim

In his second issue, appellant contends his trial counsel
provided ineffective assistance because counsel failed to present witnesses
during the punishment phase and did not file a motion for probation despite
appellant=s purported eligibility.

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art.
I, ' 10; Tex. Code Crim. Proc. art. 1.051 (Vernon Supp. 2004).  This right necessarily includes the right to
reasonably effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80
L. Ed. 2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim.
App. 1997).  To prove ineffective
assistance of counsel, appellant must show that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance. Strickland,
466 U.S. at 688B92.  Moreover,
appellant bears the burden of proving his claims by a preponderance of the
evidence.  Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998).  








In assessing appellant=s claims, we apply a strong
presumption that trial counsel was competent. 
See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  We presume counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).  Appellant
has the burden to rebut this presumption by presenting evidence illustrating
why trial counsel did what he did.  See
id.  An appellant cannot meet this
burden when counsel=s actions may have been based on tactical decisions and the
record does not specifically focus on the reasons for trial counsel=s conduct.  See Bone v. State, 77 S.W.3d 828, 830
(Tex. Crim. App. 2002).  When there is no
proper evidentiary record developed at a hearing on a motion for new trial, it
is extremely difficult to show that trial counsel=s performance was deficient.  See id. at 833.  If there is no hearing or if counsel does not
appear at the hearing, an affidavit from trial counsel becomes almost vital to
the success of an ineffective-assistance claim.  Stults v. State, 23
S.W.3d 198, 208B09 (Tex.
App.CHouston
[14th Dist.] 2000, pet.
ref=d). 

Here, appellant filed a motion
for new trial in each case, but did not raise the issue of ineffective
assistance of counsel in either.  The
record does not indicate a hearing was held on either motion, and in due course,
the motions were overruled by operation of law. 
Thus, the record contains no evidence of the reasoning and strategy
underlying trial counsel=s
actions.  In the face of a silent record,
this court will not speculate about why trial counsel did not present witnesses
during the punishment phase or about why counsel did not file a motion for
probation.  See Jackson, 877
S.W.2d at 771.  In the absence of any
evidence to the contrary, we cannot conclude the performance of appellant=s trial
counsel during the punishment phase was deficient.  See Freeman v. State, 125 S.W.3d 505,
506B07 (Tex.
Crim. App. 2003).  Accordingly, we
overrule appellant=s second
issue.

Having overruled all of appellant=s issues,
we affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Majority and Concurring Opinions filed June 29, 2004.

Panel consists of Justices Edelman, Frost, and Seymore.  (Edelman, J., concurring).

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant does
not contest venue as to the offenses charged in cause numbers 908116 and
908117.





[2]  The concurring
opinion states that there is nothing in Rippee or in other Texas
authority that would support the notion that a legal-sufficiency review of the
venue determination should be conducted without viewing the evidence in the
light favoring venue.  Though the Rippee
court does not explicitly address whether the reviewing court should view the
evidence in a light favoring venue, it states that A[i]t is sufficient if from the evidence the jury may
reasonably conclude that the offense was committed in the county alleged.@  Rippee,
384 S.W.2d at 718.  Judge Onion has
stated that A[i]t has been repeatedly held that the evidence as to
venue is sufficient if the jury may reasonably conclude from it that the
offense was committed in the county alleged.@  Black v. State, 645 S.W.2d 789, 793
(Tex. Crim. App. 1983) (Onion, P.J., dissenting).  Courts of this state, including this court,
have repeatedly applied the Rippee standard of review in the venue
context and made no mention that they were viewing the evidence in a light
favoring venue.  See, e.g., Edwards v.
State, 97 S.W.3d 279, 285 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d); Soliz v. State, 60 S.W.3d 162, 164 (Tex.
App.CHouston [14th Dist.] 2001), rev=d on other grounds, 97 S.W.3d 137 (Tex. Crim. App. 2003); Adams v. State, 936
S.W.2d 313, 314 (Tex. App.CTyler 1996, pet ref=d); Knabe
v. State, 836 S.W.2d 837, 839 (Tex. App.CFort
Worth 1992, pet. ref=d).  In
analyzing the sufficiency of the evidence to support the venue determination,
some courts have considered the evidence indicating that venue was not proper
in the trial court. See, e.g., Adams, 936 S.W.2d at 314B15 (considering evidence indicating offense occurred
in Panola County as well as evidence that offense occurred in Shelby County).
Although it would seem reasonable to view the evidence in a light favoring
venue in reviewing the legal sufficiency of the evidence supporting the venue
determination, this court has not found a precedent in Texas criminal law or
procedure that has articulated this standard of review.





[3]  If appellant
were entitled to a factual-sufficiency review, we would look to the Court of
Criminal Appeals=s recent pronouncements in Zuniga, in which our
high court sought to clarify the standard for this type of review in the
criminal context.  See Zuniga,
2004 WL 840786, at *4.  In doing so, the
court agreed with the Texas Supreme Court that the burden of proof at trial
dictates what the standard of review will be on appeal.  Id. at *7.  Thus, if we were to conduct an ordinary legal
and factual sufficiency review of the venue determination in this case, the
standard of review for legal sufficiency would be:  

 

Considering all of the evidence in the light most
favorable to the venue determination, was a jury rationally justified in
finding venue by a preponderance of the evidence?  

 

See
Zuniga, 2004 WL 840786, at *7; McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  The factual-sufficiency standard of review
would be: 

 

Considering all of the evidence in a neutral light,
was a jury rationally justified in finding venue by a preponderance of the
evidence? 

 

See Zuniga,
2004 WL 840786, at *7.