Opinion issued July 7, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01256-CR




GEORGE LARKIN BAIAMONTE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 983493




MEMORANDUM OPINION

          Appellant, George Larkin Baiamonte, was charged by indictment with sexual
assault of a child, to which he pleaded not guilty. See Tex. Pen. Code Ann. 
§ 22.011(a)(2)(A) (Vernon Supp. 2004–2005). A jury found appellant guilty and
assessed punishment at 10 years’ community supervision with a $10,000 fine. 
          In three issues, appellant contends that (1) the State did not provide sufficient
evidence that venue was proper in Harris County, Texas, (2) the evidence was legally
insufficient to support his conviction because the complainant’s testimony
incriminating him was not credible, and (3) the evidence was factually insufficient
to support his conviction because the complainant’s testimony incriminating him was
not credible.
          We affirm.
BACKGROUND
          On December 31, 2002, the complainant, A.P., then 16 years old, stayed
overnight at a friend’s apartment to celebrate New Year’s Eve. The friend, Linda
Baiamonte, was married to the, then, 22-year-old appellant, and they lived together
at the apartment. Linda’s infant son, two brothers, and mother were also at the
apartment that night. 
          That evening, A.P., Linda, and appellant went to watch fireworks, then 
returned to the apartment, smoked marihuana, and played video games in the couple’s
bedroom. Linda made a bed on the floor for the three of them, and Linda fell asleep. 
A.P. and appellant continued to play video games and, at one point, went into the
bathroom to smoke a cigarette. While in the bathroom, appellant demanded a kiss
from A.P. When she refused, appellant held her arms and told her that he would not
let her leave until she kissed him. A.P. struggled free, then went to lie down next to
Linda. Later that night, A.P. awoke to her pants being pulled down around her knees. 
She pulled them up and went back to sleep. 
          The next morning, New Year’s Day, Linda awoke to appellant sleeping
between her and A.P. Linda testified that she noticed that appellant’s pants zipper
was down but did not think it was significant at the time. Linda went into the kitchen
to make breakfast. A.P. awoke to appellant engaging in sexual intercourse with her. 
Moments later, Linda’s older brother, Daniel Rubio, passed by the room, looking
through the open door. Daniel saw “two figures close together” under a blanket and
thought it was Linda and appellant. Upon realizing that Linda was in another room,
Daniel passed by the open doorway again and made a sharp noise. Appellant turned
away quickly, apparently pretending to be asleep.
          A.P., Linda, and appellant spent New Year’s Day together, then appellant and
Linda drove A.P. home. Linda and appellant stayed at A.P.’s house for several hours
that evening, having dinner and playing cards with A.P. and her parents. 
          Later that night, once appellant and Linda had gone, A.P. told her parents that
appellant had raped her. A.P.’s parents called the police the next morning. A.P. was
interviewed by an investigator on January 7, 2003, and examined at the Children’s
Assessment Center on January 8, 2003. The medical exam was inconclusive, and no
physical evidence was recovered.
Venue
          In his third issue, appellant contends that the State failed to prove by a
preponderance of the evidence that the alleged offense took place within Harris
County, Texas.
          Generally, sexual assault may be prosecuted in the county in which the sexual
assault is alleged to have occurred. Tex. Code Crim. Proc. Ann. § 13.15 (Vernon
2005). The burden is on the State to prove proper venue by a preponderance of the
evidence. Id. § 13.17; Black v. State, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983). 
Venue is presumed to have been proven in the trial court unless the record
affirmatively shows otherwise or shows that venue was made an issue at trial. Tex.
R. App. P. 44.2(c)(1). Venue is sufficient if the jury may reasonably conclude from
the evidence that the offense was committed in the county alleged. Rippee v. State,
384 S.W.2d 717, 718 (Tex. Crim. App. 1964); see also Sudds v. State, 140 S.W.3d
813, 816–19 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (examining and
applying the Rippee standard).
          Here, there is no evidence in the record that Harris County is not the
appropriate venue. Appellant made venue an issue at trial by moving for directed
verdict at the close of the State’s case on the ground that venue had not been
established. The trial court denied the motion. 
          The State offered evidence to show that the sexual assault of A.P. occurred in
Harris County, Texas. First, A.P. testified that the offense took place in appellant’s
apartment and that the apartment was located in Harris County, Texas. Second,
A.P.’s mother, Charlotte Patterson, also testified that the apartment was located in
Harris County, Texas. Finally, Offficer Denattos Haynes testified that he was
dispatched to the Baiamonte apartment, which was located in Harris County, Texas. 
From this testimony, the jury could have reasonably concluded that the sexual assault
occurred in Harris County, Texas. See Moore v. State, 694 S.W.2d 528, 530 (Tex.
Crim. App. 1985). 
          Appellant’s third issue is overruled.
Sufficiency of the evidence
          In his first and second issues, appellant contends that the evidence is legally
and factually insufficient to support his conviction because A.P.’s testimony
incriminating him was not credible.
A.      Standard of Review
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000). 
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 483 (Tex. Crim. App. 2004)). We must defer appropriately to the fact-finder to avoid substituting our judgment for its judgment. Zuniga, 144 S.W.3d at
481–82. Our evaluation may not intrude upon the fact-finder’s role as the sole judge
of the weight and credibility accorded any witness’s testimony. Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact-finder alone determines what
weight to place on contradictory testimonial evidence, as it depends on the fact-finder’s evaluation of credibility and demeanor. Id. at 408–09. In conducting a
factual-sufficiency review, we must discuss the evidence that, according to appellant,
most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003). 
B.      Sexual assault of a child
          The Penal Code provides, in pertinent part, that a person commits sexual
assault of a child if the person intentionally or knowingly causes the penetration of
the anus or female sexual organ of a child by any means. Tex. Pen. Code Ann.
§ 22.011(a)(2)(A) (Vernon Supp. 2004–2005). Under the Penal Code, a child is
defined as “a person younger than 17 years of age who is not the spouse of the actor.” 
Id. § 22.011(c)(1).
C.      Legal Sufficiency
          In his first issue, appellant contends that the evidence is legally insufficient to
support his conviction because A.P.’s testimony incriminating appellant was not
credible. 
           A.P. testified that, on the morning of New Year’s Day, appellant penetrated her
vagina with his penis multiple times. Appellant argues that this testimony is
uncorroborated by either medical evidence or a witness to the act. However, such
corroborating evidence is not required. The Code of Criminal Procedure provides
that a conviction under Penal Code section 22.011, as here, is supportable on the
uncorroborated testimony of a victim under 17 years of age. Tex. Code Crim. Proc.
Ann. art. 38.07(a)–(b) (Vernon 2005); see Sandoval v. State, 52 S.W.3d 851, 854 n.1
(Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).
          Moreover, the testimony of Linda’s brother, Daniel Rubio, supported A.P.’s
version of the facts. Daniel testified that, as he was walking past the open bedroom
door that morning, he saw “two figures close together” under a blanket. Daniel
testified that, initially he thought it was appellant and Linda. Then, Daniel heard
Linda’s voice in another room. Daniel testified that he then believed he was
witnessing appellant cheating on Linda and walked past the doorway again, making
some noise. Daniel testified that appellant turned away quickly and apparently
pretended to be sleeping. 
          Linda’s testimony also supported A.P.’s testimony. Linda testified that she
awoke that morning to appellant sleeping in between her and A.P. and that she
noticed that appellant’s pants zipper was down. 
          Appellant contends that, “at some point the credibility of the complainant is so
undermined that a reviewing court cannot have confidence in a verdict supported
solely by the complainant’s testimony.” However, appellant states no authority for
this proposition, and we know of none. 
          The jury is the sole judge of the credibility of witnesses and of the strength of
the evidence. Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). We act
only to ensure that the jury reached a rational decision. Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993). Viewing the evidence in the light most favorable
to the verdict, we hold that a rational trier of fact could have found beyond a
reasonable doubt all the essential elements of the offense of sexual assault of a child. 
See Johnson, 23 S.W.3d at 7.
          We overrule appellant’s first issue.
D.      Factual Sufficiency 
          In his second issue, appellant contends that the evidence is factually
insufficient to support his conviction because A.P.’s testimony was not credible. 
Again, appellant specifically asserts that the testimony is incredible because there was
no physical evidence and no other witness testimony concerning the sexual act.
          As discussed above, the State provided evidence that appellant sexually
assaulted the child complainant. By statute, A.P.’s testimony need not be
corroborated by medical evidence or a witness to the act itself to support appellant’s
conviction. See Tex. Code Crim. Proc. Ann. art. 38.07(a)–(b) (Vernon 2005).
           To counter the State’s evidence appellant presented his own testimony that he
“never had sex with [A.P.].” Appellant testified that he was asleep until Linda came
in and woke him for breakfast. In addition, appellant asserted that he and Linda spent
New Year’s Day with A.P. and that she never exhibited any fear or avoidance of him. 
Appellant also testified that he spent time fixing a car with A.P.’s father on January
2, 2003 and that this would not have occurred if the alleged incident had been
reported to A.P.’s parents the night before, as A.P. testified. 
          The weight given to conflicting testimony is within the sole province of the
jury. Cain, 958 S.W.2d at 408–09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5; McKinny v. State, 76 S.W.3d 463, 468–69 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). Here, the jury found A.P. to be a credible
witness and chose to believe her version of the events. 
          We conclude that the jury’s verdict that appellant sexually assaulted the child
complainant is not irrational, or clearly wrong and manifestly unjust, or that the
contrary evidence is so strong that the standard of proof beyond a reasonable doubt
could not have been met. See Escamilla, 143 S.W.3d at 817.
          We overrule appellant’s third issue.
CONCLUSION
We affirm the judgment of the trial court. 
 



                                                   Laura Carter Higley
                                                   Justice
Panel consists of Justices Taft, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).