Everett Oscar RIPPEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 37141.

Court of Criminal Appeals of Texas.

Oct. 21, 1964.

Rehearing Denied Dec. 2, 1964.

Bryan Wingo, Corpus Christi, for appellant.

R. L. Lattimore, Dist. Atty., Joe I. Cardenas, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

### Amended Opinion

The offense is the misdemeanor charge of driving while intoxicated; the punishment, three (3) days in jail and a fine of $50.00.

The state's evidence reflects that on Friday, September 20, 1963, Highway Patrolmen Donald L. Lee and Dennis Vickery were on routine patrol when at approximately 4:30 P.M. they received a call by state radio that one C. L. Bray had called in by telephone from Rangerville, Texas; the patrolmen then drove south on farm road 1015 until they reached Progresso, Texas, where they turned east on U. S. 281. After proceeding about one and one-half miles east, the patrolmen saw a blue and white Cadillac moving toward them on their side of the highway, then going off the roadway and back on again. The patrolmen gave pursuit and clocked the said vehicle at a speed of 75 miles per hour and further observed it weaving on the road. They pulled the Cadillac off the road and asked the appellant to step out of the vehicle. Patrolman Lee observed that the appellant was very unsteady on his feet, talked in a very slurred and thick-tongued manner, and had a very strong alcoholic odor emitting from his breath. Appellant admitted drinking two or three beers. After observing the appellant's actions and after conversing with him at length it was the opinion of the patrolmen that appellant was intoxicated. Appellant was taken to the Weslaco Police Department where he consented to a urine test. He remained in the Weslaco jail overnight and the following day was transferred to the Hidalgo County jail in Edinburg, Texas. The appellant was subsequently charged with the offense of driving while intoxicated.

Appellant testified in his own behalf and related that he had only had two beers that day; that he was not intoxicated; that he had not driven at an excessive rate of speed; that the officers were mean to him; that the state's witnesses did not relate the facts as they were; that he did not urinate in the bottle; that the specimen of urine contained in the bottle introduced by the state was not his and that the bottle was not the same one given him by the officer.

The jury resolved the disputed fact issues contrary to appellant's version, and we find the evidence sufficient to sustain their finding.

Appellant contends among other things that venue was not shown to have been in Hidalgo County. It is his contention that the testimony was disputed as to the location of the Hidalgo County line. Venue need not be proved beyond a reasonable doubt and may be proved by circumstantial as well as direct evidence. It is sufficient if from the evidence the jury may reasonably conclude that the offense was committed in the county alleged. Curtis v. State, 167 Tex.Cr.R. 536, 321 S.W.2d 587; Art. 847 Vernon's Ann.C.C.P.

Appellant also contends that the results of the urine test were not admissible in the absence of his consent. We overrule this contention. Sartain v. State, 171 Tex. Cr.R. 192, 346 S.W.2d 337.

Appellant next contends that there was jury misconduct because the jury submitted some questions to the court relative to evidence appellant contends was not presented in the trial. Appellant took no objection at the time these questions were submitted, nor did he take a formal bill of exceptions. He merely voiced his complaint by raising it by his own affidavit and in his Motion for New Trial. This procedure is not in accord with Art. 760e, V.A.C.C.P. and presents nothing for us to review.

 

■ Appellant's last complaint is to jury argument of the prosecutor. We have carefully reviewed this contention. While the argument made is not to be commended, yet we do not feel that it is prejudicial enough to constitute reversible error.

Finding the evidence sufficient and no reversible errors appearing, the judgment is affirmed.