Opinion issued July 14, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00755-CR




JOHN JEZIERSKI, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 881534




MEMORANDUM OPINION

          Appellant, John Jesierski, pleaded not guilty to sexual assault. After finding
him guilty as charged, a jury assessed his punishment at two years in prison. In four
points of error, appellant argues that (1) the trial court improperly admitted an
extraneous offense; (2) the evidence was legally and factually insufficient to show
that the complainant was unaware of the assault; and (3) the State failed to prove
venue by a preponderance of the evidence. We affirm.
Background
          Appellant’s daughter and her friend, the complainant, were high school friends. 
They planned to go camping with appellant over spring break.
          The night before the camping trip, appellant’s daughter and the complainant
were staying at the complainant’s house. Appellant called the girls and said it would
be easier if they stayed at his house for the night. Appellant drove over and picked
them up and brought them back to his house at about 11:30 p.m. The complainant
recalled getting sick, so appellant brought her some medicine. The complainant then
fell asleep on appellant’s daughter’s bed. When she awoke, the complainant thought
she had peed in her pants. Her shorts were pulled down to her knees, and appellant
was facing her with one of his hands between her legs. The complainant’s shirt was
up, exposing her stomach. The complainant testified that appellant had more than one
of his fingers inside her vagina. The complainant also testified that she did not give
appellant consent to put his fingers inside her. She further testified that she was not
aware of what happened while she was sleeping. After the complainant told appellant
to get off of her, appellant’s daughter woke up. The complainant then called her
mother, Ms. R. 
          Ms. R. received a call from the complainant at 4:00 a.m. When she picked up
the complainant, the complainant was hysterical, crying, and shaking. When the
complainant told her mother that she had been sexually assaulted, Ms. R. flagged
down a police officer. 
Analysis
          Admission of Extraneous Offense
          In his first point of error, appellant argues that the trial court erroneously
allowed the State to admit an extraneous offense. Specifically, appellant argues that,
J.F.’s testimony, regarding a sexual assault, should not have been admitted.
          After appellant testified in his own defense, the State cross-examined appellant
about J.F., a friend of his daughter. Appellant objected to any extraneous offense
regarding J.F. on the ground that the prejudice outweighed any probative value and
was therefore prohibited by rule 403.


 The State argued that the testimony was
admissible pursuant to Rule 404(b) to show appellant’s method of operation, plan,
and motive.


 Defense counsel asked for a formal hearing outside the presence of the
jury to hear J.F.’s testimony. Defense counsel again argued that the prejudice
outweighed any probative value. The trial court denied appellant’s request for a
hearing. Defense counsel argued that “if the prosecutor intends to show similar plan
or preparation, my client has denied doing things in question, providing alcohol either
to both the complainant and his extraneous complainant.” After hearing additional
argument from both sides, the trial court allowed the testimony, stating “I think it’s
admissible under 404(b), and I will allow it.” The jury charge included a 404(b)
instruction that another offense could be considered only for determining motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident. 
          Appellant objected at trial that the prejudice of the extraneous offense
outweighed its probative value and that the extraneous offense was inadmissible to
prove appellant’s preparation or plan. On appeal, appellant argues that the two
crimes have critical differences and are not fingerprint crimes. Specifically, he argues
that the crimes are different because (1) appellant never tried to kiss or place his
tongue in the complainant’s ear, as he did in J.F.’s ear; (2) the complainant was 17
years of age, whereas J.F. was less than 17 years of age; and (3) J.F. was awake. 
          We conclude that evidence of the extraneous offense was properly admitted. 
While Rule 404(b) prohibits admission of “evidence of other crimes, wrongs, or acts,”
to prove that a person acted in conformity with his character, extraneous offenses may
be admissible to show “motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident.” Id.; Montgomery v. State, 810 S.W.2d
372, 387–88 (Tex. Crim. App. 1991) (op. on reh’g). Evidence of extraneous acts may
also be admissible to rebut defensive theories. Lane v. State, 933 S.W.2d 504, 519
(Tex. Crim. App. 1996). 
          Appellant testified in his own defense. Appellant testified that he picked up
the two girls at about 2:30 a.m. When they arrived at appellant’s house, he thought
the girls were going to sleep. A short time later, he stated that he heard noises from
his daughter’s room. When he walked into her room, appellant testified that he saw
the complainant masturbating while his daughter was sleeping. Appellant denied ever
putting his hands between the complainant’s legs or putting his fingers in her vagina. 
He also denied giving any alcohol to the complainant. 
          Appellant’s testimony raised a defensive theory that the complainant had
fabricated the sexual assault. By raising this defensive theory, appellant opened the
door for the State to offer rebuttal testimony regarding an extraneous offense, if the
extraneous offense had common characteristics with the offense for which the
appellant was on trial. See Roberts v. State, 29 S.W.3d 596, 601 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). The trial court heard evidence that the
extraneous offense had common traits to the charged offense, including (1) the plan
was identical; (2) the assaults occurred in the same location; (3) both victims were
friends of appellant’s daughter; and (4) alcohol was present in both assaults.


 
Although appellant points out three differences between the charged offense and the
extraneous offense, we conclude that these minor differences do not outweigh the
similarities. Because extraneous acts may be admitted to rebut defensive theories
when there are common traits between the charged offense and the extraneous
offense, we conclude that the trial court did not abuse its discretion in admitting the
extraneous act.
          We overrule appellant’s first point of error.
          Legal and Factual Sufficiency of the Evidence
          In his second and third points of error, appellant argues that the evidence is
legally and factually insufficient to show that the complainant was unaware that the
sexual assault was occurring. 
          We review a legal sufficiency challenge by viewing the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not reweigh the evidence and substitute our
judgment for that of the fact finder. Id.
          In a factual sufficiency review, we view all the evidence in a neutral light, and
we will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
483 (Tex. Crim. App. 2004)). The appellate court may not substitute its own
judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim.
App. 1996).
          A person commits sexual assault if the person intentionally or knowingly
causes the penetration of the female sexual organ of another person by any means
without that person’s consent. Tex. Pen. Code Ann. § 22.011(a)(1)(A) (Vernon
Supp. 2004-2005). Without the consent of another person means that “the other
person has not consented and the actor knows the other person is unaware that the
sexual assault is occurring.” Id. § 22.011(b)(5). 
          The evidence shows that the complainant fell asleep on appellant’s daughter’s
bed. When she woke up, the complainant thought she had peed in her pants. The
complainant’s shorts were pulled down to her knees, and appellant was facing her
with one of his hands between her legs. The complainant testified that appellant had
more than one of his fingers inside her vagina. The complainant testified that she did
not give appellant consent to put his fingers inside her. She also testified that she was
not aware of what appellant did to her while she was sleeping. We conclude that this
evidence is legally sufficient to support the verdict. 
          Under his factual sufficiency argument, appellant provides no additional
argument to show why the evidence is factually insufficient, other than to state that
“The State failed to prove that Appellant knew there was no consent from the
Complainant in its case in chief.” After considering all the evidence, we conclude the
evidence is not so weak that the verdict is clearly wrong and manifestly unjust, or that
the contrary evidence is so strong that the standard of proof beyond a reasonable
doubt could not have been met. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim.
App. 2004). We hold that the evidence is factually sufficient to support the verdict.
          We overrule appellant’s second and third points of error.
          Venue
          In his fourth point of error, appellant argues that the State failed to prove
venue.
          Venue is proper in the county in which a sexual offense is alleged to have taken
place. Tex. Code Crim. Proc. Ann. art. 13.15 (Vernon 2005). The burden of proof
is on the State to establish proper venue by a preponderance of the evidence. Id. art.
13.17 (Vernon 2005). “Evidence is sufficient to establish venue if ‘from the evidence
the jury may reasonably conclude that the offense was committed in the county
alleged.’” Edwards v. State, 97 S.W.3d 279, 285 (Tex. App.—Houston [14th Dist.]
2003, pet. ref’d) (quoting Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964)). “[F]ailure to prove venue in the county of prosecution is reversible error.”
Black v. State, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983).
          Here, Ms. R. picked up the complainant at appellant’s house. As they drove
back home, Ms. R. flagged down a police officer. Officer Stanley testified that he
was flagged down by the complainant’s mother in Harris County early in the
morning. He stated that he was told the sexual assault occurred at 14606 Oak Chase,
which is in Harris County. Based on this evidence, we conclude that the State proved
venue by a preponderance of the evidence.
          We overrule appellant’s fourth point of error.
 
 
 
 
 
 
 
 
 
                                                         Conclusion
          We affirm the judgment of the trial court. 
 


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).