NO.
12-06-00406-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WAYNE FULLER,   §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Wayne Fuller
appeals his conviction for sexual assault of a child.  On appeal, Appellant argues that the evidence
was legally and factually insufficient to support his conviction and that the
trial court erred when it refused to grant a mistrial.  We affirm.

 

Background

            Appellant
was charged by indictment with sexual assault of a child, a second degree
felony.[1]








 The indictment alleged that, on or about
August 10, 2005, in Smith County, Texas, Appellant intentionally or knowingly
caused the penetration of the female sexual organ of K.H. by his hand and
finger(s), a child who was younger than seventeen years of age and not the
spouse of Appellant. Appellant pleaded “not guilty.”  At trial, K.H. testified that her father and
Appellant were roommates in Grand Saline, Texas.  At the time of the offense, she was sixteen
years old and living in Vidor, Texas with her aunt.  Because K.H.’s father had recently had bypass
surgery, Appellant drove to Vidor and picked up K.H. so that she could visit
her father.  K.H. stated that she and
Appellant traveled through Tyler, Texas on the way to Grand Saline.  During the trip, K.H. testified that
Appellant showed her a picture of someone he identified as his granddaughter,
who appeared to be about eighteen years old. 
At one point, Appellant pulled K.H. over by him, unfastened her pants,
put his hand down her pants, massaged her vagina, and penetrated her vagina
with his finger or hand. According to K.H., they were outside of Tyler, Texas
when the incident occurred.

            K.H.
stated that she did not know why she did not call the police after the
incident.  She did not inform her father
because he had recently had bypass surgery and she did not “want him to do
anything violent.”  However,
approximately three days later, she told her cousin what had occurred.  K.H. stayed with her father two weeks during
which she also stayed at other relatives’ houses.  Once, Appellant drove her to the mall to see
her sister.  She did not tell her sister
what had occurred.  Because she had just
received her driver’s license, she asked Appellant if she could drive his truck
part of the way back to Grand Saline. 
Under cross examination, K.H. stated that she was terrified, “scared to
death” of Appellant, and scared that he was going to “do it again.”
Approximately two and one-half months later, K.H.’s aunt asked if she wanted to
live with her father.  K.H. said “not
anymore” and told her aunt what had occurred. 
She also stated that the appointment with the local sheriff’s department
to give a written statement was changed a few times. 

            K.H.’s
cousin testified that after K.H. told her about the incident, K.H. was crying “uncontrollably,”
shaking, and trembling.  Although K.H.’s
cousin stated that she believed K.H., she did not inform law enforcement. K.H.’s
aunt testified that after K.H.’s visit with her father, she was more withdrawn,
defensive, and had increased anger management problems, which she exhibited by
biting herself. K.H.’s aunt also stated that there were scheduling problems
with the local sheriff’s department in getting K.H.’s written statement,
including the aunt’s being sick.  K.H.’s
cousin testified that K.H. stayed away from her father’s house as much as she
could. K.H.’s aunt testified that from her conversations with K.H. during those
two weeks, she did not seem to spend much time at her father’s house.

            Charles
Houghton, a detective with the Smith County Sheriff’s Department, stated the
assault took place just north of the Smith County line on Highway 69 on the
south side of Tyler, Texas. Gayle Burress, Ph.D., a psychologist, testified
that victims of sexual assault almost always feel guilt, shame, and
embarrassment.  She stated that some
victims tell immediately and others wait years. According to Burress, if K.H.
told her cousin and not other family members, K.H. trusted her more or her
cousin saw behavior from K.H. that disturbed her or caused her concern.  She stated that K.H.’s decision not to tell
her father was reasonable because K.H. would not want to be responsible for his
having complications from his surgery. 
According to Burress, a victim’s reaction to a sexual assault is tied to
the method of the assault and the victim’s age, level of maturity, judgment,
and background.  Further, she stated that
teenagers were “notoriously bad” decision makers.  In fact, Burgess stated that an alleged
victim who “shouts [what occurred] from the rooftops” would be unusual and she
would question the person’s motives and behavior.  She also stated that if a perpetrator could
stay in contact with his victim, he would do so “because that’s an easy mark.”
Regarding K.H.’s trip to and from the mall with Appellant, Burgess stated that
the behavior sounded like “grooming” on Appellant’s part, or making sure that
the victim stays tied to and receptive to the perpetrator.  She also stated that “there is absolutely
nothing like the keys of a car to a [sixteen year old].” Burgess suspected that
K.H.’s biting herself more frequently was a precursor to cutting or a way of
punishing herself, having control over her world, and letting out her emotions.

            Appellant
testified at trial and stated that his oldest granddaughter was approximately
eleven and one-half years old on the date of the incident.  He admitted that he had not seen his daughter
or granddaughters for about six years. 
Appellant also stated that he had never seen his grandson. During
closing argument in the guilt-innocence phase of the trial, the State noted
that Appellant testified about his granddaughters, nieces, and daughters and “how
long it’s been since he’s seen them, I’m telling [you], draw inferences from
that.”  Appellant objected that the State’s
argument was outside the scope of the evidence. 
The trial court sustained the objection. 
Then, Appellant requested the trial court order the jury to disregard
the statement.  The trial court responded
that it would allow the jury to consider the evidence they had heard.  The trial court also clarified its ruling,
stating that it sustained Appellant’s objection to the prosecutor’s statement
to draw inferences from the evidence. 
Finally, Appellant asked the trial court to declare a mistrial, but the
trial court overruled Appellant’s request.

            After
the trial concluded, the jury found Appellant guilty of sexual assault of a
child as charged in the indictment. 
After the punishment phase, the jury assessed Appellant’s punishment at
twenty years of imprisonment and a $10,000.00 fine.[2]  This appeal followed.

 

Legal
Sufficiency

            In
his first issue, Appellant argues that the evidence was legally insufficient to
support his conviction.  More
specifically, he contends that the evidence does not prove the offense occurred
in Smith County, Texas. 

Standard of Review

            “Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.”  Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d) (citing Jackson v. Virginia,
443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-88, 61 L. Ed. 2d 560 (1979)).  The standard of review is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d
670, 671 (Tex. Crim. App. 2000).  The
evidence is viewed in the light most favorable to the verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; LaCour, 8 S.W.3d at 671.  The conviction will be sustained “unless it
is found to be irrational or unsupported by more than a ‘mere modicum’ of the
evidence.”  Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
The jury is the sole judge of the credibility of witnesses and of the
weight to be given their testimony.  Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994).  Any reconciliation of conflicts and
contradictions in the evidence is entirely within the jury’s domain.  Losada v. State, 721 S.W.2d
305, 309 (Tex. Crim. App. 1986).  If a
reviewing court finds the evidence legally insufficient to support a
conviction, the result is an acquittal.  Tibbs
v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d
652 (1982).  

Applicable Law

            A
plea of “not guilty” puts in issue the allegations of venue, and the State must
prove such allegations or a conviction will not be warranted.  Black v. State, 645 S.W.2d 789,
790 (Tex. Crim. App. 1983).  Generally,
venue need be proven only by a preponderance of the evidence.  Id.; Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005).  Proof of venue must be demonstrated by either
direct or circumstantial evidence.  Black,
645 S.W.2d at 790.  Further, in cases
involving sexual assault, venue is proper “in the county in which it is
committed, in the county in which the victim is abducted, or in any county
through or into which the victim is transported in the course of the abduction
and sexual assault.”  Tex. Code Crim. Proc. Ann. art. 13.15
(Vernon 2005).  The trier of fact may make
reasonable inferences from the evidence to decide the issue of venue.  Couchman v. State, 3 S.W.3d
155, 161 (Tex. App.–Fort Worth 1999, pet. ref’d).  It is sufficient if from the evidence the
jury may reasonably conclude that the offense was committed in the county
alleged. Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim App.
1964). 

Analysis

            In
this case, K.H. stated that she and Appellant traveled through Tyler on their
way to her father’s house in Grand Saline. 
According to K.H., they were outside of Tyler when the assault
occurred.  The city of Tyler is within
Smith County.  Further, Houghton
testified that the incident occurred to the south of Tyler within the boundaries
of Smith County.  From this evidence, the
jury could have reasonably concluded that the offense was either committed in
Smith County or that K.H. was transported through Smith County in the course of
the sexual assault.  See Tex. Code Crim. Proc. Ann. art. 13.15,
13.17.  Viewing the evidence in the light
most favorable to the jury’s verdict, a rational trier of fact could have found
by a preponderance of the evidence that venue was proper in Smith County.  Therefore, the evidence is legally sufficient
to support Appellant’s conviction. 
Accordingly, we overrule Appellant’s first issue.

 

Factual
Sufficiency

            In
his second issue, Appellant argues that the evidence was factually insufficient
to support his conviction.  More
specifically, he argues that the evidence was too sparse, weak, and
contradictory to support his conviction.

Standard of Review

            In
conducting a factual sufficiency review of the evidence supporting the jury’s
verdict, we consider all of the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it to the
evidence that tends to disprove that fact.  See Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997). 
Ultimately, we must ask whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine our confidence in the jury’s determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Ortiz v. State, 93
S.W.3d 79, 87 (Tex. Crim. App. 2002) (A verdict will be set aside “only if the
evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”); see Sims v. State, 99
S.W.3d 600, 601 (Tex. Crim. App. 2003). 
A clearly wrong and manifestly unjust verdict occurs where the jury’s
finding “shocks the conscience” or “clearly demonstrates bias.” Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

            Although
we are authorized to disagree with the jury’s determination, even if probative
evidence exists that supports the verdict, see Clewis v. State,
922 S.W.2d 126, 133 (Tex. Crim. App. 1996), our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164.  It is not enough that
we might harbor a subjective level of reasonable doubt to overturn a conviction
that is founded on legally sufficient evidence. 
See Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006). Where there is conflicting evidence, the jury’s verdict on such matters
is generally regarded as conclusive.  See
Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet.
ref’d).  We cannot declare that a
conflict in the evidence justifies a new trial simply because we disagree with
the jury’s resolution of the conflict.  See
Watson, 204 S.W.3d at 417.

            A
person commits the offense of sexual assault of a child if the person
intentionally or knowingly causes the penetration of the sexual organ of a
child by any means.  Tex. Penal Code Ann. § 22.011(a)(2)(A)
(Vernon Supp. 2007).  A child is a person
younger than seventeen years of age who is not the spouse of the actor.  Tex.
Penal Code Ann. § 22.011(c)(1) (Vernon Supp. 2007). 

Analysis 

            Appellant
argues the evidence that Appellant molested K.H. is very weak and her testimony
was not of the type or weight to support the conviction.  Appellant identified claims made by K.H.
that, he contends, were contradicted by her behavior or other evidence.  He argues that K.H. claimed to be afraid of
Appellant, but she stayed in his home, went to the mall alone with him, and
failed to tell anyone but her cousin about the assault.  Although K.H. claimed to be traumatized or
terrified,  Appellant notes that she
missed an appointment with the sheriff’s department to give a written statement
because of her high school homecoming events. 
Further, he argues K.H.’s cousin’s inaction shows that she did not
believe K.H.  Finally, Appellant states
K.H. did not tell the truth about Appellant’s showing her a picture of his
granddaughter because his oldest granddaughter was about twelve, not eighteen
years old.

            However,
the evidence shows that K.H.’s father and Appellant were roommates and that
she  frequently stayed with other
relatives during the visit.  K.H.
admitted that Appellant took her to the mall, but stated that she wanted to
visit her sister.  K.H. also wanted to
drive, having just received her driver’s license.  As noted by Burress, teenagers are usually
bad decision makers and sixteen year olds want to drive.  Although K.H. told her cousin about the
assault, she did not tell her father because he had been ill.  Burress stated that it was reasonable for
K.H. not to tell her father, fearing that she would cause him to have
complications.  These matters relate to
the credibility of the complaining witness.

            Regarding
the missed appointment with the sheriff’s department, the testimony indicated
that there were scheduling problems on both sides, not that K.H. preferred
going to her high school homecoming events. 
K.H. described the picture Appellant showed to her and estimated the age
of the person, whom Appellant had identified as his granddaughter.  Appellant denied that his granddaughter was
eighteen years old.  Further, K.H.’s
cousin stated that she believed K.H., although she did not inform law
enforcement.  These matters relate to the
credibility of the witnesses and whether the jury believed them.

            In
this case, the jury determined the credibility of the witnesses and resolved
the evidentiary inconsistencies in the State’s favor, which is its prerogative
as fact finder.  Having reviewed the
record in its entirety, we conclude that the jury was entitled to find that
Appellant sexually assaulted K.H.  Our
review of the record as a whole, with consideration given to all of the
evidence, both for and against the jury’s finding, has not revealed to us any
evidence that causes us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant’s conviction clearly wrong or manifestly unjust.  See Ortiz, 93 S.W.3d at 87; Johnson,
23 S.W.3d at 11; Jones, 944 S.W.2d at 648.  Therefore, we conclude that the evidence was
factually sufficient for the jury to find Appellant guilty of sexual assault of
a child as charged in the indictment. 
Accordingly, we overrule Appellant’s second issue.

 

Jury
Argument

            In
his third issue, Appellant contends that the trial court erred when it failed
to order a mistrial after the State argued outside the record.  More specifically, he argues that the State’s
argument injected new and very harmful facts into the case.

Applicable Law

            The
law provides for, and presumes, a fair trial, free from improper argument by
the prosecuting attorney.  Long v.
State, 823 S.W.2d 259, 267 (Tex. Crim App. 1991).  Proper jury argument falls within one of four
distinct categories: (1) summary of the evidence; (2) reasonable deduction from
the evidence; (3) in response to argument of opposing counsel; and (4) plea for
law enforcement.  Id.  Reversible error results from improper
prosecutorial argument only when the argument is “extreme, manifestly improper,
injects new and harmful facts into [the] case or violates a mandatory statutory
provision and is thus so inflammatory that its prejudicial effect cannot
reasonably be cured by [a] judicial instruction to disregard [the] argument.”  Id. (quoting Hernandez v.
State, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991)).  We examine the argument considering the
entire record.  Sauceda v. State,
859 S.W.2d 469, 474 (Tex. App.–Dallas 1993, pet. ref’d). 

Analysis

            During
closing argument, the State asked the jury to draw inferences from the fact
that Appellant admitted it had been a long time since he had seen his
granddaughters, nieces, and daughters. 
Although the trial court sustained Appellant’s objection, it denied his
request that the jury be ordered to disregard the statement or for a
mistrial.  Analyzing the statements at
issue in the context of the entire jury argument, we conclude that the
prosecutor’s statement was acceptable as a summary of the evidence and asking
the jury to make a reasonable deduction from that evidence.  See Long, 823 S.W.2d at 267.  Contrary to Appellant’s contention, we
conclude that the prosecutor’s argument did not inject new or harmful facts
into the case.  Thus, the trial court did
not err when it failed to order a mistrial. 
Accordingly, we overrule Appellant’s third issue.

Disposition

            The
judgment of the trial court is affirmed.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered January 9, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex.
Penal Code Ann. § 22.011(a)(2)(A), (f)(Vernon Supp. 2007).





[2]
An individual adjudged guilty of a second degree felony shall be punished by
imprisonment for any term of not more than twenty years or less than two years
and, in addition, a fine not to exceed $10,000. 
See Tex. Penal Code Ann. §
12.33 (Vernon 2003).