Affirmed and Memorandum Opinion filed November 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00715-CR

___________________

 

FRANKLIN ALBERT PEARCE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 402nd District Court

Wood County, Texas



Trial Court Cause No. 20,086-2008

 



 

 

MEMORANDUM OPINION

A
jury convicted Franklin Albert Pearce, appellant, of aggravated sexual assault
of a child.  See Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2009).  On
appeal, appellant contends the trial court erred by denying his motion for
directed verdict premised on the State’s alleged failure to prove venue. 
Because we may take judicial notice of the fact the city of Mineola, where the
alleged offense occurred, is part of Wood County, we overrule appellant’s
argument and affirm the judgment.

I.   Background

            Appellant was indicted for the alleged aggravated
sexual assault of A.P., his seven-year-old daughter, in Wood County, Texas.  See
id.  At trial, A.P. testified all of the alleged episodes of sexual abuse
by her father occurred in her bedroom at her house in Mineola.  Additionally, the
principal at A.P.’s elementary school, Mineola Primary School, testified A.P.’s
listed address was in the city of Mineola.  

            Nevertheless, at the close of the State’s case in
chief, appellant moved for a directed verdict, arguing the State failed to
prove venue in Wood County, Texas, as alleged in the indictment.  The court
denied appellant’s motion.  Then in the defense’s case in chief, Erica Pearce,
appellant’s adult daughter and A.P.’s half sister, testified A.P. and A.P.’s
younger sister lived in Wood County with appellant and his wife.

In
his sole issue on appeal, appellant argues the court erred by denying his
motion for directed verdict premised on the State’s alleged failure to prove
venue in Wood County, Texas, as alleged in the indictment.  Finding no error,
we affirm the judgment.

II.   Discussion

We
review a directed verdict under the same standard of review as a challenge to
the legal sufficiency of the evidence.  Williams v. State, 937 S.W.2d
479, 482 (Tex. Crim. App. 1996).  Evidence is legally sufficient when, viewed
in the light most favorable to the verdict, a rational trier of fact could have
found all the essential elements of the offense.  Id. at 482–83.  We
defer to the jury’s determination of the credibility and weight of the evidence. 
See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).  

            As a general rule, venue is proper in the county
in which a sexual offense is alleged to have taken place.  Tex. Code Crim.
Proc. Ann. art. 13.15 (Vernon 2005).  The State bears the burden proving venue
by a preponderance of the evidence through direct or circumstantial evidence.  Tex.
Code Crim. Proc. Ann. art. 13.17 (Vernon 2005); Black v. State, 645
S.W.2d 789, 790 (Tex. Crim. App. 1983).  Evidence is sufficient to establish
venue if the jury may reasonably conclude the offense was committed in the
county alleged.  Rippe v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964).    

            In support of his contention, appellant argues the
State did not prove in its case in chief that the offense occurred in Wood
County.  Nevertheless, he does not dispute it occurred in Mineola.  We may take
judicial notice that a city is located within a particular county.  See,
e.g., Watts v. State, 99 S.W.3d 604, 610 (Tex. Crim. App. 2003)
(stating the court may take judicial notice that the City of Austin is located
in Travis County); Sixta v. State, 875 S.W.2d 17, 18 (Tex. App.—Houston
[1st Dist.] 1994, pet. ref’d) (holding the court may take judicial notice of
the fact Houston is located in Harris County, Texas).  Parties may dispute
whether the offense occurred in a particular city but not whether a city is
located within a particular county.  See Watts, 99 S.W.3d at 610.  To
insist that a party prove such a readily ascertainable fact would waste limited
judicial resources and defy common sense.  Id.  Therefore, we take
judicial notice that Mineola is located within Wood County, Texas.

            Accordingly, the trial court did not err in
denying appellant’s motion for a directed verdict.  We overrule appellant’s
sole issue.

III.   Conclusion

            Finding no merit in the issue presented, we affirm
the judgment.

 

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.

Do Not Publish —
Tex. R. App. P. 47.2(b).