Opinion issued February 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00799-CR

NO. 01-09-00800-CR

———————————

Jeremiah Jermaine Johnson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 176th District Court 

Harris County, Texas



Trial Court Case Nos. 1127749 & 1229098

 



 

MEMORANDUM OPINION

          A
jury convicted appellant Jeremiah Jermaine Johnson of compelling prostitution
of a juvenile and aggravated sexual assault of a child.  See
Tex. Penal Code Ann. §§ 22.021 (aggravated sexual assault of
a child), 43.05 (compelling
prostitution) (West Supp. 2010).  Johnson
raises two issues on appeal.  In his
first issue, Johnson argues that the evidence was insufficient to support his
conviction for compelling prostitution, and in his second issue, he argues that
the State’s improper jury argument requires reversal.  Because we conclude that the evidence was
sufficient and that Johnson’s jury argument complaint was not preserved, we
affirm.

I.                 
Background

When she was 13 years old, B.D. ran
away from foster care to live with a friend in a vacant apartment, where they
would smoke marijuana and “hang out.” 
B.D. and her friend went to a party, and several boys asked B.D. to
perform oral sex on them.  When she
refused, they beat her, and B.D. left in tears. 
As she walked down the street, Johnson approached and asked her what was
wrong.  B.D. testified that he told her
his name was “Golden” or “Golden Boy.” 
She told him what happened, and he drove her to an apartment, cared for
her wounds, and let her take a shower. 
After she showered, Johnson asked to see B.D. naked, saying, “Let me see
what you working with.”  B.D. obliged.

B.D. testified that Johnson took
her to a house, and after he put his young children to bed, B.D. performed oral
sex on him.  B.D. said that Johnson then
asked her to prostitute for him and she agreed. 
She said that Johnson gave her a receipt from a Sonic restaurant, on which
he had written “Golden” and his phone number, and he instructed her to meet him
at the Sonic to give him the money she earned as a prostitute.  She testified that Johnson asked her to write
down her name, age, and birth date so that if she were arrested he could bail
her out.  B.D. testified that she
initially told Johnson she was 18 years old, but when he questioned her, she
told him she was 13 years old.  Although
B.D. was born in 1993, when she wrote her name and birth date on a match book
cover for Johnson, she wrote 1995, erroneously thinking that it would make her
appear older. 

On the night of August 2, 2007,
Houston Police Officer R. Price was working undercover as a member of the
Houston Innocence Lost Task Force, a collaboration between local law
enforcement and the Federal Bureau of Investigation.  Price was driving an unmarked car near the
intersection of U.S. Route 59 and Hillcroft Avenue in Harris County when he saw
B.D.  Believing that she was underage,
Price called his partner and approached B.D. in his car.  Price parked in a parking lot near the
sidewalk where B.D. was walking, rolled down his window, and smiled and waved
at her.  She walked over to his car, and
after a brief conversation, she agreed to have sexual intercourse and perform
oral sex on him in exchange for $80.

Price drove B.D. to a motel parking
lot and signaled his partner to meet him there. 
Price pulled into a parking space, and his partner, Officer D. Nieto,
parked beside him on the passenger side. 
Nieto approached the passenger side window, displaying his police
badge.  Unaware that Price was a law
enforcement officer, B.D. whispered to him, “Tell him that you are my
father.”  Price agreed, asked her age,
and learned that she was 13 years old. 
Price then identified himself as a police officer and told her that she
was under arrest.

Price drove B.D. down the street,
and Nieto followed them.  B.D. told them
that she had a pimp and gave them the Sonic receipt with Johnson’s phone
number.  Price called F.B.I. Special
Agent P. Fransen, who was also a member of the Houston Innocence Lost Task
Force.  Fransen met them and asked B.D.
to call Johnson and arrange to meet him to deliver some cash.  B.D. agreed. 
Using the phone number written on the receipt, she called him from Fransen’s
phone, on speaker phone and in front of Price and Nieto.  She agreed to meet Johnson at Sonic and give
him some money that she said she got from a client.  Price and Nieto drove B.D. to the Sonic,
where she identified Johnson as the man she knew as “Golden,” as well as his
car.

Fransen also went to the parking
lot.  His cell phone rang when Johnson
drove up.  Fransen noticed that the
number was the same number that B.D. had dialed from his phone minutes
earlier.  He did not answer.  Instead, he followed Johnson’s car as it left
the Sonic parking lot, called for a marked patrol unit to provide backup, and
watched as the marked patrol unit stopped Johnson’s car at a nearby gas
station.  Fransen noticed that Johnson
was holding a mobile phone when he got out of his car.  He dialed the number on the Sonic receipt,
and the phone in Johnson’s hand began to ring. 
After Johnson was handcuffed and taken into custody, Fransen looked at
Johnson’s phone and saw that his own phone number was the last number called
from Johnson’s phone.

At trial and without objection, the
State introduced a video recording of Johnson’s interview with police officers,
in which Johnson said that B.D. had performed oral sex on him.  Johnson did not testify during the guilt-innocence
phase of his trial.  Price and Fransen
both testified that the location where they met B.D. was in Harris County.  B.D. testified that both the apartment and
the house where Johnson took her were in Harris County.

II.              
Sufficiency of the evidence of compelling prostitution

In his first issue, Johnson argues
that the evidence was insufficient to prove that he compelled B.D. to engage in
prostitution and to prove that the alleged offense took place in Harris
County.  

“A person commits the offense of
compelling prostitution if [he] knowingly . . . causes by any means a
child younger than 18 years to commit prostitution, regardless of whether [he]
knows the age of the child at the time [he] commits the offense.”  Tex.
Penal Code Ann. § 43.05 (West Supp. 2010).  Prostitution includes offering to engage,
agreeing to engage, or engaging in sexual conduct for a fee.  Id. § 43.02(a)(1).  “[T]he actual commission of the offense of
prostitution is not a prerequisite to the commission of the offense of
compelling prostitution.”  Waggoner v. State, 897 S.W.2d 510, 513
(Tex. App.—Austin 1995, no pet.) (citing Davis
v. State, 635 S.W.2d 737, 739 (Tex. Crim. App. 1982)).

A.              
Standard of review

Although Johnson’s brief recites
now-defunct caselaw suggesting separate standards of review for legal and
factual sufficiency, see Brooks v. State,
323 S.W.3d 893 (Tex. Crim. App. 2010), his brief did not make distinct arguments
pertaining to legal and factual sufficiency or otherwise separate legal and factual
sufficiency into separate appellate issues.  We therefore treat his challenges to the
sufficiency of the evidence, as he does in his brief, in a unified analysis.  We review the sufficiency of the evidence to
support a criminal conviction to determine “whether, after viewing the evidence
in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.”  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979).  Viewed in the light most
favorable to the verdict, evidence is insufficient under this standard in two
circumstances: (1) the record contains no evidence, or merely a “modicum” of
evidence, probative of an element of the offense; or (2) the evidence
conclusively establishes a reasonable doubt.  See id.
at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11.

We presume that the fact finder
resolved any conflicting inferences in favor of the verdict and defer to that
resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  On appeal we may not re-evaluate the weight
and credibility of the record evidence and thereby substitute our own judgment
for that of the fact finder.  Williams v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).  In reviewing the
evidence, circumstantial evidence is as probative as direct evidence in
establishing the guilt of an actor, and circumstantial evidence alone can be
sufficient to establish guilt.  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim.
App. 2007).  The same standard of review
is used for both circumstantial and direct evidence cases.  Id.

B.              
Analysis

Johnson argues that the evidence
that he compelled B.D. to engage in prostitution is insufficient because B.D.
testified that she used marijuana; her testimony was incoherent because her
answers were short and responsive to leading questions, as opposed to being in
narrative form; and apart from her testimony, only circumstantial evidence
connected him to her.  Johnson concedes
that B.D. was less than 17 years old.  

          B.D.
testified that she had run away from foster care and that Johnson cared for her
after she was beaten at a party.  She
told the jury that he asked to see her naked and asked her to work for him as a
prostitute.  Officer Price testified
that, while working undercover, B.D. agreed to engage in sexual conduct with
him for a fee.  He also testified that
B.D. told him that she was working for “Golden,” whom she later identified as
Johnson.  She had in her front pants
pocket a receipt on which Johnson had written his nickname and a phone
number.  Johnson had instructed her to
meet him at the Sonic restaurant to give him money and then return to the street
to solicit more business.  B.D. testified
that Johnson had asked her for her name, age, and birth date so that he could
bail her out if she were arrested.  A
match book cover upon which she had written this information for Johnson was
found in Johnson’s car. 

          B.D.
called Johnson in the presence of Price, Officer Nieto, and Agent Fransen.  She told Johnson she had $50 from engaging in
sexual conduct with a man, and he told her to meet him at the Sonic
restaurant.  In the Sonic parking lot,
B.D. identified Johnson and his car.  As
for Johnson, when he did not immediately see B.D. in the parking lot, he tried
to return her call using the phone number from which she had called him:
Fransen’s mobile phone.  When he was
later stopped at a gas station, Fransen dialed the number that Johnson gave
B.D., and Fransen witnessed Johnson’s mobile phone ringing.

          After
viewing the evidence in the light most favorable to the prosecution, we
conclude that a rational jury could have found beyond a reasonable doubt that
Johnson caused B.D., a girl under the age of 18, to engage in prostitution.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at
2789.  Johnson’s arguments about B.D.’s
drug use and allegedly incoherent testimony are unavailing.  These were factors for the jury to consider
in assessing B.D.’s credibility and in determining the weight to give her
testimony.  We are not permitted to reevaluate
the weight and credibility of B.D.’s testimony or substitute our judgment for
that of the jury.  See Williams, 235 S.W.3d at
750.  Johnson’s argument that the
evidence linking him to B.D. is merely circumstantial is also unavailing
because circumstantial evidence is no less probative than direct evidence and
alone may be sufficient to establish guilt.  See Hooper,
214 S.W.3d at 13.

Finally, Johnson argues that the
evidence supporting his conviction for compelling prostitution was insufficient
because there was no evidence that B.D. was in Harris County when Johnson asked
her to work for him as a prostitute. 
Venue is not a constituent element of the offense of compelling
prosecution that the State was required to prove.  See
Tex. Penal Code Ann. § 43.05; Fairfield v. State, 610 SW.2d 771, 779
(Tex. 1981) (“Venue is not a ‘criminative fact’ and thus, not a constituent
element of the offense . . . .”); accord
Thierry v. State, 288 S.W.3d 80, 91 (Tex. App.—Houston [1st Dist.] 2009,
pet. ref’d).  Failure to prove venue does
not negate the guilt of the accused.  Fairfield, 610 S.W.2d at 779.  “Venue need not be proved beyond a reasonable
doubt and may be proved by circumstantial as well as direct evidence.”  Rippee
v. State, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964).  Because venue is not an essential element of
an offense, we do not review the sufficiency of the evidence to establish venue
under the Jackson standard.  Thierry,
288 S.W.3d at 91.  Rather, proof of venue
is sufficient if “the jury may reasonably conclude that the offense was
committed in the county alleged.”  Rippee, 384 S.W.2d at 718; see Thierry, 288 S.W.3d at 91; see also Tex. Code Crim. Proc. Ann. art. 13.17 (West 2005) (requiring
prosecution to prove venue by preponderance of evidence).  

The record here contains sufficient
evidence that the offense transpired in Harris County.  Price and Fransen both testified that they
met B.D. in Harris County.  B.D.
testified that both the apartment and the house where Johnson took her were in
Harris County.  B.D. agreed to engage in
sexual conduct in exchange for money in Harris County, and Johnson instructed
B.D. to meet him at a location in Harris County to give him money she told him
she obtained in exchange for engaging in sexual activities.  

We hold that the evidence was
sufficient to support Johnson’s conviction for compelling prostitution, and we
overrule his first issue.

III.          
Jury argument

In his second issue, Johnson argues
that the State’s closing jury argument was improper.  In particular, Johnson complains about the following
statements that the prosecutor made about how Johnson met B.D.:

This child who went to
C.P.S., who’s supposed to, supposed to be her protector, she ran away from
C.P.S.  She ran away and she went to the
St. James apartment, wasn’t a good place to be, and then she goes to this
party.  She goes to this party where we
hear about these other guys wanting her to give them oral sex, still holding on
to some dignity she says no and for that she gets beat.  As she’s disheveled, as she walks outside of
that apartment, she walks toward the street what happens?  We have a predator.  We have a predator who is sitting in a car
who sees all of a sudden an opportunity, like a snake in the grass, sees an
opportunity to strike at fresh meat, and that is what he is.

 

Johnson’s trial counsel objected, stating, “The
implication is that something else happened like this crime and there was no
evidence in that.  He didn’t strike at
another piece of meat.”  The trial court
overruled his objection.  The prosecutor
continued, saying, “Every pimp wants fresh meat and he’s a pimp and that’s what
he saw her as. . . .  And all for what? .
. .  So that he didn’t have to make an
honest living.”  Johnson’s counsel did
not object to this statement.  On appeal,
Johnson asserts, generally, that the prosecutor’s statements exceeded the
permissible bounds of jury argument.  But
he specifically argues only that the statements constituted a personal attack,
i.e. that Johnson earned his livelihood as a pimp. 

“A defendant’s failure to object to
a jury argument or a defendant’s failure to pursue to an adverse ruling his
objection to a jury argument forfeits his right to complain about the argument
on appeal.”  Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); see Tex.
R. App. P. 33.1(a).  A defendant
also waives his right to complain of error on appeal if his trial objection
does not comport with his objection on appeal. 
Curiel v. State, 243 S.W.3d 10,
19 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  

Johnson made no objection to the
prosecutor’s argument that he coerced B.D. to prostitution so that he did not
have to make an honest living.  Any
objection to that statement is waived.  See Valencia v. State, 946 S.W.2d 81,
82–83 (Tex. Crim. App. 1997) (holding that court of appeals correctly found
waiver when appellant made no objection at trial to State’s allegedly improper
jury argument).  As to the prosecutor’s
snake-in-the-grass analogy, Johnson’s appellate objection is different from his
trial objection.  At trial he objected on
the grounds that the prosecutor’s statement suggested, without evidentiary
support, that he had previously engaged in behavior similar to the allegations
in this case.  On appeal, he argues that
the prosecutor’s statement was a personal attack and suggestive that he earned
his livelihood dishonestly.  Because his
appellate objection does not comport with his trial objection, we hold that
Johnson has waived this issue.  See Curiel,
243 S.W.3d at 19. 

          We
overrule Johnson’s second issue.

CONCLUSION

          We
affirm the judgments of the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and
Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).