

# NUMBER 13-18-00133-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CRISTOBAL GARCIA,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

On appeal from the 36th District Court
of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

Appellant Cristobal Garcia appeals his conviction for aggravated sexual assault, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West, Westlaw through 2017 1st C.S.). By one issue, appellant argues the evidence was insufficient to establish venue in San Patricio County. We affirm.

## I. BACKGROUND

Appellant was indicted for intentionally and knowingly causing the penetration of the sexual organ of A.G.[1], a child younger than fourteen years of age, by appellant's finger. *See id.* The indictment alleged the offense occurred in San Patricio County, Texas.

At trial, the evidence showed that appellant sexually assaulted his daughter, A.G., when she was five years old. About fifteen years later, appellant was in a relationship with a woman who had a five-year-old daughter, K.R.[2] K.R. confided in A.G. that appellant had sexually assaulted her, and A.G. realized appellant assaulted K.R. in the same way he had assaulted her. The police were contacted and both A.G. and K.R. made outcry statements. This appeal concerns only the sexual assault of A.G.[3] A.G. was twenty-two at the time of trial.

The jury found appellant guilty. Before the punishment phase began, the State and appellant announced to the trial court that they had reached a plea agreement for punishment to be twenty-five years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, contingent on appellant waiving his right to appeal and to a new trial. The trial court accepted the plea agreement and later certified appellant's right to appeal only the issue of venue. This appeal followed.

---

[1] We use initials to protect the complainant's identity. *See* TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

[2] We also use initials to protect the minor's identity. *See id.*; *Salazar v. State*, 562 S.W.3d 61, 63 n.1 (Tex. App.—Corpus Christi 2018, no pet.).

[3] The State tried appellant's sexual assault offenses against K.R. and A.G. together, but the offenses were charged separately. The jury found appellant guilty of the two separate offenses of aggravated sexual assault of K.R.

## II.  VENUE

By his sole issue, appellant argues that the State failed to prove venue for prosecution in San Patricio County and thus failed to provide the evidence needed to sustain the conviction under the State's indictment.

### A.    Applicable Law and Standard of Review

Under Texas law, venue is not an element of the offense.  *See Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014); *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981).  To establish venue, the State's burden is to prove, by a preponderance of the evidence, that the county of prosecution is where the offense was committed.  TEX. CODE CRIM. PROC. ANN. art. 13.17 (West, Westlaw through 2017 1st C.S.); *Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003) (en banc).  Venue may be proved by circumstantial as well as direct evidence.  *Rippee v. State*, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964).

The evidence regarding venue is sufficient if from the evidence, the jury may reasonably conclude that the offense was committed in the county alleged.  *Id.*; *Knabe v. State*, 836 S.W.2d 837, 839 (Tex. App.—Fort Worth 1992, pet. ref'd).  The trier of fact may make reasonable inferences from the evidence to decide the issue of venue.  *Dewalt v. State*, 307 S.W.3d 437, 457 (Tex. App.—Austin 2010, pet. ref'd); *Thompson v. State*, 244 S.W.3d 357, 362 (Tex. App.—Tyler 2006, pet. dism'd).  We view all the evidence in the light most favorable to an affirmative venue finding and determine whether any rational trier of fact could have found by a preponderance of the evidence that venue was proper.  *Dewalt*, 307 S.W.3d at 457; *Gabriel v. State*, 290 S.W.3d 426, 435 (Tex. App.—

Houston [14th Dist.] 2009, no pet.); *Vanschoyck v. State*, 189 S.W.3d 333, 336 (Tex. App.—Texarkana 2006, pet. ref'd).

**B.    Analysis**

Appellant was indicted with aggravated sexual assault, and it was alleged the offense occurred in San Patricio County.  Appellant maintains that venue is improper because A.G. was unsure of where the alleged offense took place.  We disagree.  As we note below, the State presented testimony from which the jury could have inferred that venue was proper in San Patricio County.

The State elicited the following testimony from A.G.:

| [State]: | So this incident that happened to you either happened at your mom's apartment in Mathis or your grandma's place in Mathis? |
|---|---|
| [A.G.]: | No.  When the incident happened, it was at his house. |
| [State]: | His house? Where did he stay? |
| [A.G.]: | Out in the country somewhere. |
| [State]: | You don't know where? |
| [A.G.]: | No. |
| | . . . . |
| [State]: | You don't really remember where this happened, do you? |
| [A.G.]: | At his house. |
| | . . . . |
| [State]: | And you have a bad memory that it happened back then? |
| [A.G.]: | Can you repeat that? |
| [State]: | That it happened out in the country somewhere? |
| [A.G.]: | Yes. |

4

| | |
|---|---|
| [State]: | Was it far from Mathis? |
| [A.G.]: | I don't know. |
| [State]: | You don't know where in the country? |
| [A.G.]: | No. |
| [State]: | It could have been in Mathis? |
| [A.G.]: | Yes. |
| [State]: | Have you ever known your father to live anyplace else but Mathis? |
| [A.G.]: | No. |

. . . .

| | |
|---|---|
| [State]: | And, again, as far as you know, your dad never lived anywhere but Mathis, right? That's what you just told the jury, right? |
| [A.G.]: | Yes. |
| [State]: | And Mathis is in San Patricio County, Texas, right? |
| [A.G.]: | Yes. |

Appellant's sister also testified at trial. During cross-examination, the following exchange occurred:

| | |
|---|---|
| [State]: | And are you roughly the same age as him or is he a little older than you? |
| [Sister]: | Excuse me? |
| [State]: | Are you roughly the same age as him? |
| [Sister]: | As him? Yes, I am. He's two years older than I am. |
| [State]: | Okay. And you've been close with him all your life; is that true? |
| [Sister]: | Yes, sir. |

5

| | |
|---|---|
| [State]: | And you guys have both lived in Mathis all your life pretty much? |
| [Sister]: | Pretty much, yes, sir. |
| [State]: | Both you and him have stayed in Mathis, San Patricio County, right? |
| [Sister]: | Yes, sir. |
| [State]: | In the State of Texas? |
| [Sister]: | Yes, sir. |

Thus, according to testimony from A.G. and appellant's sister, appellant had only ever lived in San Patricio County, and A.G. testified that the assault occurred at appellant's home. Therefore, viewing the evidence in the light most favorable to an affirmative venue finding, we conclude that a rational trier of fact could have found by a preponderance of the evidence that venue was proper in San Patricio County. *See Rippee*, 384 S.W.2d at 718; *Vanschoyck*, 189 S.W.3d at 335–36

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of March, 2019.